## MATTHIAS BLOODGOOD v. FELIX INGOLDSBY.

B. contracted to do certain building work for I., according to certain specifications. By the terms of the contract, the work was to be done in a good, workmanlike and substantial manner, to the satisfaction, and under the direction of S., an architect, to be testified by a certificate of S., upon the presentation of which the payments were to be made in certain installments as the work progressed. B. presented to I. certificates in these words:

"Date.

".F. I., Esq.: This is to certify that the —— payment, amounting to —— dollars, is now due to M. B., on account of his contract with you for doing the masons' and carpenters' work of your store, No. 46 Warren street."

*Held*, I. That the certificates were sufficient. It was to be presumed therefrom, that there had been a substantial compliance with the contract, and that S. was satisfied therewith.

II. That I. having made payments on similar certificates, without objection to their form, at the time of presentation, he could not raise the objection for the first time on the trial.

Where there are deficiencies in work done under a contract, although the defendant accept the work, he may claim damages for the deficiencies by way of recoupment.

APPEAL by plaintiff from a judgment entered on a report of a referee. This was an action to recover the last six installments claimed to be due the plaintiff for the erection of a store, No. 46 Warren street, under a building contract. By the terms of the

contract, the plaintiff agreed to erect the store agreeably to the drawings and specifications of one Samuel A. Warner, architect, within a specified time, in a good, workmanlike and substantial manner, to the satisfaction, and under the direction of said architect, to be testified by a writing or certificate under his hand. For the work the defendant was to pay in ten installments as the work progressed, and upon presentation of the architect's certificate. The certificates of the architect were presented in this form to the defendant, from time to time, as the installments became due.

"Date, &c.

"F. Ingoldsby, Esq.: This is to certify that the —— payment, amounting to —— dollars, is now due to Matthias Bloodgood, on account of his contract with you for doing the masons' and carpenters' work of your store, No. 46 Warren street.

"Yours respectfully,

"SAMUEL A. WARNER."

Upon certificates of this form, the first four payments were made as they became due. The remaining certificates were of the same character; no objection was made upon presentation to their sufficiency, but the defendant refused to make any further payments, on the ground of alleged deficiencies and imperfections in the work. At the close of the work the following certificate was presented to the defendant.

"New York, April 2d, 1855.

"F. INGOLDSBY, ESQ.

"Dear sir: Matthias Bloodgood has completed your store, No. 46 Warren street, and is now entitled to the balance due on contract. All deviations from the plans and specifications will be settled by Mr. Bloodgood, according to the provisions made for such cases in the contract.

"Yours, &c.

"SAMUEL A. WARNER."

The defendant alleged that the work was improperly and insufficiently done, and not in compliance with the contract, and

interposed a counter-claim therefor. At the close of the trial, the defendant's counsel, for the first time during its progress, presented the objection to the plaintiff's recovery : that the certificates were insufficient, and not in compliance with the requirements of the contract. It did not appear that the defendant had ever assigned this as a reason for his refusal to pay the plaintiff the amount claimed. The referee held the certificates insufficient, and dismissed the plaintiff's complaint, without prejudice to his bringing a new action on procuring the proper certificates. He also held, that the defendant could not recover by a counter-claim, in this action, damages for deficiencies in the work. From the judgment dismissing his complaint, entered on this report, the plaintiff appealed.

*P. G. Clark*, for the appellant.

I. The defendant must be deemed to have waived the production of any different certificate than such as was produced.

The principle is well settled, that when a party is called upon to pay or perform, and he refuses generally, or for some particular reason, he cannot excuse himself when prosecuted upon grounds different than those assigned when payment is demanded. *Gould* v. *Banks*, Nelson, J., 8 Wendell, 557 ; *Boardman* v. *Sill*, 1 Campbell, 410, note to *Attersol* v. *Bryant ; Gerrish* v. *Norris*, 9 Cushing Rep. 167 ; *Todd* v. *Hoggart*, 22 Eng. Com. Law Rep. p. 188.

The cases of preliminary proofs, in case of insurance policies, are strictly analogous.

The assured presents his preliminary proofs, but they do not conform to the conditions of the policy—the insurer makes no objection to them—he omits to pay—an action is brought upon the policy, he will not be permitted to raise any objection to the preliminary proofs. *O'Neil* v. *The Buffalo Fire Insurance Co.*, 3 Comstock, 122 ; *Bodle* v. *Chenango Co. Insurance Co.*, 2 Comstock, 53 ; *Ætna Fire Insurance Co.* v. *Tyler*, 16 Wendell, 402, Walworth, Ch.; *Bumstead* v. *The Dividend Mutual Insurance Co.*, 2 Kernan, 81.

The reason, or one reason, is, that if such objection had been made at the time, it could have been obviated. Another reason is, it operates as a surprise upon ·a party, and in no way affects the merits of the controversy.

II. The production of the certificates in the form required is no part of the performance of the contract, but simply evidence of such performance preliminary to payment. And if objection had been made to the form of the certificates, it could have been obviated.

(a) The referee held that this objection could be made under · the answer containing a general denial of performance, treating the obtaining of the certificate as a part of the work to be done under the contract. In this he clearly erred. The certificat̂ were merely evidence of performance—the point is not that no certificates were produced, but that they were insufficient in form, and this form was clearly waived. *Pepper* v. *Haight*, 20 Barbour, 429.

(b) No case can be found where the work has been done, and a certificate produced, the form of which is ·not objected to, but payment is refused upon other grounds, that a party has been precluded from a recovery by reason of a defect in the certificate.

*Weeks & De Forest*, for the respondent.

I. The contract specially requires, that before any installment should be payable, the certificate of the architect should be obtained, which should express that the work was done in a good and workmanlike manner, &c., and to his satisfaction; and also that it was done in accordance with the plans and specifications.

The production of these certificates was a condition precedent, without which the plaintiff cannot recover. *Butler* v. *Tucker*, 24 Wend. 447; *Milner* v. *Field*, 1 Eng. Law and Equity R. 531; *Glen* v. *Luth*, 22 ibid. 492; *Grafton* v. *Eastern R. R. Co.*, ibid. 557.

II. The certificates are insufficient, because they are not in form or substance as required by the contract.

1. They simply certify to a naked conclusion or inference,

whereas the owner is entitled to the testimonial of the architect as to ascertained facts.

2. The contract expressly stipulates what facts shall be certified, viz.: The actual progress of the work, the quality of the materials, the workmanship, conformity to the drawings and specifications, and the architect's satisfaction.

3. The defendant was entitled to an explicit professional certificate, which should bind the architect, and have the force of an award to bind the parties.

4. The final certificate, dated 2d April, 1855, is also insufficient for the same reasons, and because it appears upon its face that the work was not finished according to the plans and specifications. *Smith* v. *Briggs*, 3 Denio, 74, and cases there cited.

INGRAHAM, FIRST JUDGE.—We are of opinion that the certificate of the architect was sufficient under the facts proven. That there was a substantial compliance with the contract, and that the architect was satisfied, is to be presumed from the certificate so given.

The defendant, when the certificate was presented, has not shown that he made any objection to its form, and he ought not to be allowed now, on the trial, to avail himself of an objection to the certificate, which, at the time, the plaintiff had a right to suppose was satisfactory to the defendant.

If there are any deficiencies in the work of the plaintiff, the defendant, having accepted of the building, may claim for them by way of recoupment.

The judgment is reversed, report set aside, and case opened and referred back to the referee, the evidence to stand, and either party to be allowed to produce further testimony. Costs to abide the event.