PHILIP PIKE *v.* EDWIN B. NASH and WM. H. PARDEE.

The defendants employed the plaintiff to cut down, prepare and transport to market, from a particular timbered lot, dock sticks of prescribed sizes, and spruce trees of certain dimensions, suitable for spars. In performing the work, some of the dock sticks being got out were smaller than the contract prescribed, and the spruce trees cut were of an inferior size and quality. The defendants looked on in silence, raising no objection, and both the dock sticks and spars were delivered and accepted at New York, under the contract, and remained in the defendants' possession until sold, without a word of disapprobation because of any deviation from the agreement.

*Held,* that under these circumstances it was not for the defendants to insist that they were absolved from making full compensation to the plaintiff for his labor, because some of the dock sticks did not strictly conform in size, nor the spars in quality, to the contract.

Where one party to an agreement assents to work as it is being performed by the other, and with a knowledge of a deviation from the strict letter of the agreement, fails to make any objection, he cannot afterward make such deviation a ground of refusal to perform on his part.

A party agreeing to cut, prepare and transport to market dock sticks, spars, etc., for another, is not, while transporting the timber, acting as a common carrier; and his duty extends no further than to the exercise of ordinary prudence, care and skill in protecting the property from loss or damage.

For a loss caused by an unusual flood, by mere casualty, against which ordinary prudence and diligence could not protect, and without any lack of care or skill on his part, he is not liable.

THE defendants having purchased the standing trees on a lot of land in the county of Saratoga, agreed with the plaintiff to cut, prepare and transport to the New York market for them, from the lot, dock logs and piles of specified sizes. The dock sticks were to be either 31, 36 or 41 feet in length, and not less than seven inches in diameter at the small end; and the piles fourteen inches in diameter at the large end, and from forty-five to fifty feet long. For cutting, preparing and transporting to New York each dock stick the plaintiff was to be paid one dollar and twelve and a half cents, and for each pile two dollars and twenty-four cents. It was also agreed that the plaintiff should cut down, prepare and transport to the New York market all the nice, handsome spruce trees on the lot suitable for spars, and more

than fourteen inches in diameter at the butt, and as a compensation therefor, the plaintiff was to be owner of an undivided half of the spars when they reached the city of New York. Under this agreement, in the spring of 1854, the plaintiff cut down, prepared and transported 863 dock sticks, 136 piles and 315 spars. They were all in one raft, but in distinct cribs or lockings. The defendants had authority from the plaintiff to sell his undivided interest in the spars, but were not authorized to sell the same in conjunction with the dock logs and piles. In October following the arrival of the raft in the New York harbor, the defendants, after having diligently and in good faith attempted to sell the spars separately, but without success, sold at a single sale, and to one person, the entire mass of dock logs, piles and spars at the price of $1.62½ each, and by count, without any measurement or discrimination as to the relative value of the same or any part thereof, although the average actual value of the spars was five dollars each. Some of the dock logs were smaller than the dimensions prescribed for them by the contract; but whilst they were being cut and after they reached New York, the defendants, having sufficient opportunity to inspect and ascertain such deficiency as to size, at neither place, or at any other time or place made any objection thereto. Nor with like opportunity of inspection and examination of the spars whilst they were being cut and prepared for market, or at New York, or elsewhere, before the sale, did they make any objection to their quality, though the largest of them were, without any improper intention on the part of the plaintiff, of inferior quality, whereby the average value of them in new York was reduced to five dollars per spar. In an action upon this contract the plaintiff was allowed by the referee the contract price for getting out and delivering to the defendants at New York the dock logs and piles, and one-half the market value of the spars at the time they were sold. This, it was insisted, was error. And the judgment entered upon the report of the referee having been affirmed by the General Term of the Supreme Court, the defendants appealed.

*John H. Reynolds*, for the appellants.

*D. L. Seymour*, for the respondent.

WRIGHT, J. The dock sticks, by the terms of the contract, were to be of specified length, and not less than seven inches in diameter at the small or top end; and the spruce trees on the lot, over fourteen inches in diameter at the butt, and suitable for spars were to be cut and transported to the New York market on shares. Some of the dock sticks (but how many is not found) were not so large as the contract prescribed, and the largest of the spars (how many is not known) on being inspected and tested, after transportation, were found to be of inferior quality. It is because the contract was not strictly performed in respect to the size of all the dock sticks, and to the quality of all the spars, it is now urged that the plaintiff is not entitled to recover anything for his work, or if anything, not the full contract price. It may be conceded that the position would be sound, if the defendants had not waived a strict performance; but it is clear, in this case, that they assented to and acquiesced in whatever deviations there were from the contract, either in the size of the dock sticks that were under the size prescribed, or in the quality of the larger spars for the purposes intended, which the referee finds (and it is only upon his findings that any question of non-performance by the plaintiff can be raised), that some of the dock sticks were smaller than the contract called for, and the largest of the spars were of inferior quality, owing to knots and galls in the material on which the plaintiff's labor was employed; in connection therewith, he further finds that the defendants made no objection to the dock logs, or to the spars, got out in the execution of the contract, either while they were being cut down and prepared for market, or before or after they were accepted and sold by them, although they had sufficient opportunity, both on the lot and at New York, to inspect and ascertain the deficiency as to size of said dock logs that were smaller than the dimensions prescribed by the contract, and of the quality of the larger spruce logs designed for spars. They employed the plaintiff to cut down, prepare

43

and transport to market from a particular timbered lot, dock sticks of prescribed sizes, and spruce trees of certain dimensions suitable for spars. In performing the work, some of the dock sticks being got out, are smaller than the contract prescribes, yet the defendants look on in silence having no objection on that account, so, also, they look on without objection to the spruce trees that the plaintiff selects, and which he cuts down and prepares for spars. Both the dock sticks and spars are delivered and accepted at New York under the contract, remaining in the defendants' possession until sold without a word of disapprobation because of any deviation. Under these circumstances, it is not for the defendants to insist that they are absolved from making full compensation to the plaintiff for his labor. After having knowingly acquiesced in the cutting and preparation of the mass of dock sticks that did not strictly conform in size, and of the spars that did not conform in quality, to the contract, it is too late for them to urge that the plaintiff ought not to recover, because there has been a failure in these respects to perform on his part. They assented to the work as it was being performed, and with knowledge of the deviation from the strict letter of the agreement now complained of, when they could have put a stop to it; and the referee, therefore, was right in holding, as he did substantially, that the plaintiff was entitled to recover the contract prices.

It appears that while transporting to New York the dock sticks, piles and spars cut upon the lot the plaintiff lost on the way 132 sticks. This loss was caused principally by reason of an unusual flood, by mere casualty, against which ordinary prudence and diligence could not protect, and without lack of care or skill on the part of the plaintiff. The referee held that the plaintiff was not liable for this loss. This was correct. It was occasioned by the flood, and not by any carelessness or improper conduct of the plaintiff. He was not acting in the premises as a common carrier; and his duty extended no farther than to the exercise of ordinary prudence, care and skill in protecting the property from loss or damage. The judgment should be affirmed.

INGRAHAM, J. The main ground of defense was a claim for damages set up by the defendants against the plaintiff for having cut and removed logs and piles of a less size than contemplated by the original agreement. No objection appears to have been made that the whole number had not been delivered. The defendants, having had the opportunity to examine the logs while in the woods, and afterward at New York, and having accepted them at the latter place, cannot afterward deny their liability to pay for them, whatever the services were worth which the plaintiff had rendered. Those services were rendered under the contract between the parties, and the terms of that contract would settle the amount to be paid, unless it was shown that in consequence of the variation in size the compensation should have been diminished. (*Sickles* v. *Patterson*, 14 Wend., 257.) But in such a case the defendants should furnish evidence of any damages they had sustained. Having received the logs at the place of delivery and sold some without objection, they must be considered as waiving the objection which might have been made to their size, although they might have shown the value of the services rendered to have been less than the contract price. There is no such evidence, and for aught that appears in the case the referee might have concluded there was no difference in the value of the services rendered from that specified in the contract, and that the defendants had, by acceptance of the property, waived any claim therefor.

The second point of the appellants is that the referee erred in allowing the plaintiff the value of one-half of the spars. What was the value and whether the defendants sold them according to the terms of the agreement, was a question of fact for the referee. He evidently has found against the defendants on the ground that the spars should have been sold by themselves, and that they could not be used by selling them with the dock logs and piles to increase the value of the latter at the plaintiff's expense. There was evidence given of their value, ample to sustain the finding of the referee on this branch of the case. Even if the spars were

not of the size originally contracted for, if when they were delivered and accepted by the defendants they would have sold for the sum allowed by the referee, the plaintiff would have been entitled to one-half for his services.

The defendants, on the trial, seem to have considered themselves entitled to recover from the plaintiff, as damages, the difference between the sticks as delivered and the value of them if they had been of the size stated in the contract. This they would not have been entitled to if on receiving the logs with knowledge of the variance from the contract they had waived their right to insist upon a full performance of the contract. The referee has found such waiver.

The plaintiff was not a common carrier in regard to the property he was transporting. He was required to use care and skill in the discharge of his duty, but was not liable for loss arising from severe storms or floods. There is nothing to show that the plaintiff ever acted as a common carrier; on the contrary, this appears to have been a special contract, made in reference to this special property, and there is no ground to suppose that the plaintiff had ever been engaged in similar business. There was no error in this respect.

Although the defendants might have reduced the recovery against them by evidence, showing the value of the services rendered to have been less than the contract price, yet, not having done so, and having waived the objection by accepting the logs and selling them without any notice to the plaintiff, there is no ground on which this court could interfere.

The judgment should be affirmed.

MULLIN, J., and DENIO, Ch. J., were for reversal; all the other judges being for affirmance,

Judgment affirmed.