By the Court.—Robinson, J.
This action was brought in June, 1869, to foreclose a mechanic’s lien filed by plaintiff as subcontractor, against the defendant, Hermann, as owner, and John Barry, contractor, under the provisions of the mechanic’s lien law of 1863.
The original contract executed between the defendants Hermann and Barry, under seal, provided for the erection of a building on lot No. 19 and rear of lot No. 21 East Fifteenth-street, in this city, agreeably to plans and specifications made by Augustus Meyer, architect, in a good workmanlike manner, to the satisfaction and under the direction of said architect, for eight thousand and fifty dollars, to be paid in eight different installments, as the work progressed, provided that in each *380 of said cases a certificate should be obtained and signed by said architect. The said article provided, that should the owner at any time during the progress of the work, request any deviations, alterations or omissions from the contract, the same should in no way affect or make void the contract, but should be. added or deducted from the amount of the contract, as the case might be, by fair and reasonable valuation. The contract accordingly involved the original, as well as all extra work (Morgan v. Birnie, 9 Bing., 672).
The owner (Hermann) paid Barry seven of these installments ; for the first six (as Barry states) and also for the seventh (as he thinks), on certificates of the architect. Hermann thinks certificates were produced only for the first five payments.
The referee does not find on this point as between the two statements, nor is any further testimony offered in the case on that subject.
' . The plaintiff rested his case on the general statement of Barry, that the buildings were finished according to the plans and specifications, with such alterations as were agreed upon and ordered by the architect and owner.
In response, the owner, by various witnesses, proved sundry omissions; but the case does not furnish the means of determining precisely what were applicable to the stage of the work after the fifth installment (accepting the sixth and seventh as paid without certificates, as testified to by Hermann), or what after the sixth (as testified to by Barry).
The testimony, however, clearly showed the omission of work, without consent of owner or architect, which occurred in the stage of progress subsequent to the seventh installment, being paid, to wit: Venetian blinds to the windows, and fastenings, worth about one hundred and fourteen dollars and fifty cents'; sec *381 ond coat of paint to roof, part of sidewalk and curb not relaid, beside a great number of omissions and defects for which no allowance has been made by the referee. Barry says the roof had two coats of paint, to the best of his knowledge, and the Venetian blinds were not specified in the written agreement.
His statement as to the paint, made to the best of his knowledge, is no contradiction, and as to the blinds, the contract did not specify them. As to the other defects particularly specified, he makes no explanation.
The certificates withheld by the architect were not given, because of the bad workmanship and materials, and the work was not done to his satisfaction, as appears by his certificate of defects, made on completion of the work; and his testimony, therefore, seems to maintain the defense, 1. That the work was not fully completed according to the requirements of the contract, in essential particulars (Smith v. Brady, 17 N. Y., 173, 183 ; Pullman v. Corning, 9 Id. [5 Seld.], 93), 2. That it was not done to the satisfaction of the architect.
He was appointed sole arbitrator as to the quality of the work and materials, but refused his approval, and certified and testified to numerous defects and unauthorized omissions.
Where a party contracts to do work, and that the whole shall be completed to the satisfaction of a third person, in an action to recover the stipulated price he must aver and prove the work was done to the entire satisfaction of such third person (Butler v. Tucker, 24 Wend., 447).
So far as the architect had given certificates, the parties were concluded by them, and so far as payments were made by the owner without certificates, the payment could not be recalled because not due, but they did not preclude the owner from making reclama *382 tion for defects in the uncertified work, or from, requiring them to be supplied as a condition precedent to the final payment, when the buildings were completely finished.
The superintendence and control of the work by the architect continued all the time it was going on, and the only interference of the owner was, in making payments of one or two installments without being legally required to do so.
Out of this latter fact, there can be no inference of any waiver of the requirement, that the work should be subject to the approval of the architect, and the undisputed proof being that it was not so, there can be no ground for finding a performance of the contract in this respect.
. 3. Ho certificate being produced for the final payment, there can be no recovery for any further amounts. The necessity for the production of such certificate upon such a contract as that in question, is well established (Morgan v. Birnie, 9 Bing., 672; Milner v. Field, 5 Exch. 829 ; Clark v. Watson, 18 C. B. N. S., 278; Smith v. Briggs, 3 Den., 73; Martin v. Leggett, 4 E. D. Smith, 255; Smith v. Brady, 17 N. Y., 173; Stewart v. Keteltas, 36 Id., 388).
Fraud or collusion with the architect, or some legal waiver, will excuse its production (Batterbury v. Yyse, 2 Hurl. & C., 42 ; Martin v. Leggett, supra). So also, when he unconscientiously and in bad faith withholds it (Thomas v. Fleury, 26 N. Y., 26).
Where the owner has repeatedly made payments on certificates of a peculiar form, and fails to object to a similar one, on a subsequent occasion, as ground for denying payment, he waives the objection (Bloodgood v. Ingoldsby, 1 Hilt., 388). In this case the referee overrules the defense as well of the architect’s disapproval as of the want of his certificate for the final payment, and the only ground assigned for such a finding *383 is, that payments were made after the alleged bad work had been performed and certificates given by the architect.
While the referee might, on defendant’s statement, find the owner had made the sixth and seventh payments without certificates, I am of the opinion this did not waive production of the final one certifying that the building was completely finished. There is no proof of any agreement to waive any of the certificates, founded on any new consideration, nor of any declaration of the owner that he would waive it. His right to exact the certificates was several as to each, and while he might, as matter of favor, advance the contractor all previous payments, he could yet on final settlement require it for the last. There results from his so acting, no such equitable estoppel as would ensue from a course of dealing with reference to the terms of a subsisting contract in allowing the other party to commit himself into pursuing a line of ° conduct somewhat variant from its terms, but which on objection might have been corrected, and then insisting upon a complete forfeiture. After the laches of the other party is Imown, he is not allowed to treat the contract as a subsisting one, and to-continue to receive substantial benefits from it, and subsequently set up the laches as an excuse for his own neglect to perform further duties by him agreed to be performed (Thayer v. Wadsworth, 19 Pick., 349 ; Pike v. Nash, 1 Keyes, 335). None of these principles are available to charge the defendant, Hermann, with any such waiver. His omission to exact the two previous certificates from Barry, when voluntary payments were made without them, in no way tended to mislead the latter; far less to release him from the express condition that he would produce one on the final settlement.
Without considering the numerous other points of objection to the referee’s report, taken on the part of the defendant, Hermann, l am of the opinion the judg *384 ment should be reversed, the report of the referee set aside, and a new trial ordered, costs to abide the event.