Henry L. Fish et al., Appellants, v. Brackett H. Clark, impleaded, etc., Respondent.

When one who is not in business as a common carrier, but who is the owner of a canal boat used generally in the transportation of freight for himself, applies to a common carrier who has knowledge of the facts and receives a load of freight, such owner is not subject to liability as a common carrier. The fact that the common carrier, as such, contracted with others for the carriage of the freight, and that the owner of the boat was aware of this, does not affect the liability of the latter. His liability is determined by the business in which he is engaged, and the character of his own employment, not that of his employer.

(Argued March 27, 1872; decided April 2, 1872.)

APPEAL from order of the General Term of the Supreme Court in the seventh judicial district, reversing judgment in favor of plaintiffs against defendant Clark, entered upon the report of a referee and granting a new trial. (Reported below, 2 Lans., 176.)

Action to recover against defendants as common carriers for damage to a cargo of merchandise on board of defendant's boat. The facts as to the contract between the parties are set forth in the opinion. The boat sank, and the injury happened by reason of a break in the canal at Whitesboro'. Defendant Campbell did not know of the contract. The complaint was dismissed as to him, and judgment rendered in favor of plaintiffs against defendant Clark for amount of loss paid by plaintiffs to the owners.

*Edward Harris,* for appellants. Plaintiffs were agents of defendants in respect to the property. (2 Kent, 9th ed., 826, mar. 613.) The agency not having been disclosed, they were liable to the owners. (1 Par. on Con., 53 ; *Beebe* v. *Roberts,* 12 Wend., 213.) And the law implies a promise that defendant, the principal, will reimburse them. (*Stover* v. *Flack,* 30 N. Y., 67 ; *Ramsey* v. *Gardner,* 11 Johns., 439 ; *Powell* v. *Trustees of Newburgh,* 19 Johns., 284.) Defendant was a common carrier of the property. (1 Par. on Con., 639 ; *Gisbame* v. *Hurst,* 1 Salk., 249 ; Angel on Car., § 69 ; *Allen* v. *Sackrider,* 37 N. Y., 342; see also *Gordon* v. *Hutchinson,* 1 Watts and S., Penn. R., 285 ; *Powers* v. *Davenport,* 7 Black [Ind.] R., 497 ; *Turney* v. *Wilson,* 7 Yerg. [Tenn.] R., 340 ; *Craig* v. *Childers,* Peck [Tenn.] R., 270 ; *McClure* v. *Hammond,* 1 Bays, S. C. R., 99 ; and see Mr. Wallace's note to *Coggs* v. *Bernard,* 1 Smith Leading Cases, 311, 312 ; *Fish* v. *Chapman,* 2 Kelly [Ga.] R., 355.) Canal boats are common carriers. (5 Wend., 33 ; 14 id., 215, 225.) A private carrier may become common carrier by agreement. (*Robinson* v. *Densmore,* 2 B. & P., 416.)

*J. C. Cochrane* for respondent. Defendant Clark was not a common carrier. (*Allen* v. *Sackrider,* 37 N. Y., 341.)

Grover, J. The respondent was part owner of a canal boat used generally for transporting freight for himself and the other part owner. He entered into a contract with the plaintiffs, who were common carriers between Rochester and New York, to load the boat with freight furnished by them at Rochester, and to transport the same to New York, for which they were to pay him the then price of freight, less commissions on the amount to be retained by them. The year previous he had carried one or more boat loads to New York for the plaintiffs upon the same terms. This did not make the respondent a common carrier, or subject him as such to liability for the property which was shipped upon the boat by plaintiffs. (*Allen* v. *Sackrider*, 37 N. Y., 341; Angel on Carriers, § 68.) The fact that the respondent applied to the plaintiffs for a load for the boat, instead of their making application to him to carry it, did not, under the circumstances, affect the question. The plaintiffs knew that the defendant was not in business as a common carrier, and was only to carry goods for them, and not for any other person. The fact that the plaintiffs, as common carriers, contracted with others for the carriage of the freight with which they loaded the boat, and that the respondent was aware of this, did not make the defendant liable as common carrier to them. His liability must be determined by the business in which he was engaged and the character of his own employment, and not that of the plaintiffs. The counsel for the appellants insists that the facts show that the respondent employed the plaintiffs as his agents to procure a cargo for him, and the plaintiffs being liable as common carriers to pay the damages sustained by the owners from the injury to the property, and having paid the same, are entitled to indemnity therefor from the respondent as their principal. The conclusion of the counsel is correct. The difficulty is with the premises. The respondent never employed or authorized the plaintiffs to enter into contracts with third persons on his account for the carriage of goods. The case shows that the plaintiffs' business as common carriers was extensive. That it sometimes

happened that the boats owned by them were insufficient for the transaction of their entire business; that on such occasions they employed others to carry for them. They did not thereby become agents for those thus employed. They could not as such bind them by contracts entered into with third persons. If the persons employed by the plaintiffs were common carriers, and contracted as such with the plaintiffs, they would be responsible in that character to the plaintiffs, but the plaintiffs could not make contracts with third persons as agents for them. This shows that the relation of principal and agent did not exist between the respondent and the plaintiffs. The respondent being wholly free from negligence was not liable to the plaintiff for the injury to the property. The order of the General Term reversing the judgment and directing a new trial must be affirmed, and judgment absolute given for the respondent upon the stipulation.

All concur.

Order affirmed, and judgment in accordance with opinion.