## ROBINSON *v.* CORNISH.

*(City Court of New York, Trial Term.* December, 1890.)

COMMON CARRIERS—EXPRESSMEN.

An expressman who is duly licensed by the mayor of New York city, and who transports for hire the goods of all persons indifferently, is a common carrier, and liable as such for a parcel stolen from one of his wagons without the connivance of himself or of his driver.

Case submitted on agreed statement of facts.

Action by Sophie Robinson against George H. Cornish. The agreed statement was to the following effect: Defendant is a licensed expressman doing business in New York city. On June 11, 1889, plaintiff intrusted to defendant's driver, David Thomas, a parcel for transportation. Before its delivery at the place of destination the parcel was stolen from defendant's wagon, without connivance by defendant or his driver. The parcel was valued at $184.

*James J. Thomson,* for plaintiff.    *Fromme Bros.,* for defendant.

EHRLICH, J. A person who makes it a business to solicit from the public the carriage of trunks and packages from place to place for hire is to all intents and purposes a common carrier. The test seems to be whether he holds out, either expressly or by a course of conduct, that he will carry, for hire, the goods of all persons indifferently who send them to him. See 4 Lawson, Rights, Rem. & Pr. § 1789. The definition given fits the defendant's occupation. The defendant received a license from the mayor "to set up and keep two public express wagons, * * * to be used and employed in the conveyance and transportation of goods, wares, and other things, from place to place in said city, for hire, wages, or pay for such transportation, he conforming to and obeying in all things the ordinances of the common council." One of these ordinances provides that the licensee shall be responsible for all articles intrusted to the driver of the wagon. See Rev. Ord. 1881, p. 251, § 383. In *Richards* v. *Westcott,* 2 Bosw. 589, it was held that a city express company, engaged in carrying parcels between the city of New York and Brooklyn, and in carrying trunks of travelers to and from the passenger depots of the various railroads, are common carriers, and perform their duties under the responsibilities of common carriers. A similar ruling was made by the supreme court of Illinois. *Parmelee* v. *Lowitz,* 74 Ill. 116. The courts of New York have, in several cases, held that joint-stock companies engaged in the express business were common carriers. See *Russell* v. *Livingston,* 19 Barb. 346; *Sherman* v. *Wells,* 28 Barb. 403; *Sweet* v. *Barney,* 23 N. Y. 335; Lawson, Carr. § 1. As the character rather than the magnitude of the business is the test of the liability, it is difficult to discover any distinction between the cases cited and the one at bar. The loss complained of not having been caused by the act of God or the public enemies, the defendant, as a common carrier, is bound to make reparation. Even a private carrier is bound to use ordinary diligence, and is liable if he does not. Open theft by superior force is excusable, but secret purloining shifts the burden of proof, and compels the carrier to show that he used the utmost care which a prudent man would use to protect his property from such casualties. Browne, Carr. (Ed. 1873,) pp. 30, 31. The defendant gives no information whatever concerning the loss, and I am unable to learn when, where, or how it occurred. In short, the defendant seems to be in blissful ignorance concerning these important elements, and his driver has given no satisfactory account of the disappearance of the property. Aside from liability as a common carrier, the defendant, even as a private carrier or as a bailee for hire, would be liable on the facts, on the theory of negligence. Upon the facts the plaintiff is entitled to the value of the property, with interest thereon from the time of the loss.

Judgment accordingly, with costs.