THOMAS T. STEWART, Appellant, *v.* BENJAMIN S. STONE, Respondent.

Although a party to an absolute executory contract is not excused by inability to execute it, caused by unforseen accident or misfortune, but must perform or pay damages unless he has protected himself by stipulations in the contract, there may be in the nature of the contract an implied condition by which he will be relieved from such unqualified obligation, and, when in such case, without his fault, performance is rendered impossible, it may be excused.

Such an implication arises when it inherently appears by the contract to have been known to the parties to it and contemplated by them when it was made, that its fulfillment would depend upon the continuance or existence, at the time for performance, of certain things or conditions essential to its execution.

While, as a general rule, when a bailee fails on demand to deliver to the bailor property to which the latter is entitled, the presumption of liability

arises, and if the goods cannot be found it furnishes the imputation of negligence as the cause, such *prima facie* case may be overcome when it is made to appear that the loss was occasioned by some misfortune or accident not within the control of the bailee, and then the onus is upon the bailor to prove that this was chargeable to the want of care of the bailee.

Plaintiff and his assignors entered into an agreement with defendant, by which the latter agreed to manufacture cheese and butter from milk delivered at his factory by the former, to sell the products and distribute the proceeds in the manner stipulated. The factory was thereafter destroyed by fire and a quantity of milk, butter and cheese thereby lost. In an action to recover the amount of the loss, *held*, that the contract was one of bailment and defendant assumed simply the duty to exercise ordinary care to protect and preserve the property; that the burden was upon plaintiff to show a failure to perform that duty; and that no presumption of negligence arose from the fact that the loss resulted from the fire.

Also *held*, that from the nature of the agreement it must be deemed to have been contemplated by the parties that the articles to be manufactured should be made only from the materials furnished and at defendant's factory, and there was necessarily an implied condition so qualifying his undertaking as to relieve him from performance rendered impossible without his fault.

(Argued June 15, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 17, 1888, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

The plaintiff and his assignors were patrons of the defendant's factory, where they and others delivered milk to be manufactured into cheese and butter, marketed and the proceeds deposited by him for them respectively at a stipulated compensation. This was done by the defendant up to October 28, 1883, when the factory was destroyed by fire, and a quantity of milk, butter and cheese thereby lost. Several of the patrons suffering such loss assigned their asserted claims against the defendant to the plaintiff, who brought this action, and in his complaint alleged that the destruction and loss by the fire was occasioned by the negligence of the defendant or his agents and servants.

The referee found that such negligence was not established, and directed judgment for the defendant.

Further facts appear in the opinion.

*J. W. Shea* for appellant. A party who has entered into a contract to make and deliver a manufactured article, cannot excuse non-performance upon the plea of an accident. (*Booth* v. *S. D. R. M. Co.*, 60 N. Y. 487; *Ward* v. *N. Y. C. R. R. Co.*, 47 id. 33; *Nelson* v. *Odiorne*, 45 id. 493; *Read* v. *Spaulding*, 30 id. 639; *Price* v. *Hartshorn*, 44 id. 99; *Harmony* v. *Bingham*, 12 id. 99; *N. Y. C. & H. R. R. R. Co.* v. *S. O. Co.*, 87 id. 492; *Tompkins* v. *Dudley*, 25 id. 272; *Graves* v. *Waite*, 59 id. 156; *Ross* v. *Terry*, 63 id. 613; *Harris* v. *Todd*, 16 Hun, 249; Whart. on Neg. § 422; *Collins* v. *Burnett*, 46 N. Y. 490; Story on Bailments, 38, §§ 36, 411; Platt on Covenants, chap. 2, § 1; Chitty on Cont. 567, 569; *Cobb* v. *Harmon*, 23 N. Y. 150; *Fairfax* v. *N. Y. C. R. R. Co.*, 67 id. 11; *Curtis* v. *D., L. & W. R. R. Co.*, 74 id. 124; *Westcott* v. *Fargo*, 6 Lans. 319; *Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y. 184; *Leary* v. *Woodruff*, 4 Hun, 99; *Radway* v. *Briggs*, 37 N. Y. 256; *Swords* v. *Edgar*, 59 id. 37; *Bunnel* v. *Stern*, 34 N. Y. S. R. 221; *Kennedy* v. *Mayor, etc.*, 73 N. Y. 368; *Cannavan* v. *Conklin*, 1 Daly, 509; *Tousey* v. *Roberts*, 21 J. & S. 446; *Rittoman* v. *Ropes*, 19 id. 25; *Camp* v. *Wood*, 76 N. Y. 92; *Clussman* v. *L. I. R. R. Co.*, 9 Hun, 618; *Rollett* v. *Long*, 56 N. Y. 200; *Lowrey* v. *M. R. R. Co.*, 99 id. 166; *Goold* v. *Chapin*, 20 id. 259; *Chamberlain* v. *W. T. Co.*, 44 id. 307; *Fennir* v. *Buffalo S. Line*, Id. 507; *Lamb* v. *C. & A. R. R. & T. Co.*, 46 id. 286; *Ouderkirk* v. *C. N. Bank*, 119 id. 267; *Caldwell* v. *N. M. V. Bank*, 64 Barb. 333; *Pattison* v. *S. N. Bank*, 80 N. Y. 98; *Cutting* v. *Mahler*, 78 id. 454; *R. M. Co.* v. *N. H. S. Co.*, 50 id. 121; *Bank of Oswego* v. *Doyle*, 91 id. 41; *Hathorn* v. *Ely*, 28 id. 78; *Platt* v. *Hibbard*, 7 Cow. 497; *Beardsley* v. *Richardson*, 11 Wend. 25; *Scheverin* v. *McKie*, 5 Robt. 404; 51 N. Y. 180; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 568; *Caldwell* v. *N. J. S. Co.*,

47 id. 291; *Cosulich* v. *S. O. Co.*, 122 id. 118; *Smith* v. *B. & N. A. Co.*, 86 id. 408; *Wheeler* v. *C. M. L. Ins. Co.*, 82 id. 550; *Booth* v. *S. D. R. M. Co.*, 60 id. 491; *Spaulding* v. *Rosa*, 71 id. 44; *Cornell* v. *Cornell*, 96 id. 115; *Mullen* v. *St. John*, 57 id. 567; *Merritt* v. *Earle*, 29 id. 115; *Mynard* v. *S. R. R. Co.*, 71 id. 187; *Edwards* v. *N. Y. & H. R. R. Co.*, 98 id. 261; *Carr* v. *B. & L. R. R. Co.*, 14 Allen, 448; *Michaels* v. *N. Y. C. R. R. Co.*, 30 N. Y. 564; *Read* v. *Spaulding*, Id. 630; *Brehm* v. *G. W. R. Co.*, 34 Barb. 256; *Webb* v. *R., W. & O. R. R. Co.*, 49 N. Y. 420; 2 Pars. on Cont. 184; *Barber* v. *Johnson*, 19 Wend. 500.) The plaintiff having made a *prima facie* case, the defendant must give some evidence to rebut it, which the jury believe, or the *prima facie* case must prevail. (*Lamb* v. *C. A. R. R. Co.*, 46 N. Y. 279; *Heihman* v. *Lazarus*, 90 id. 672.) In construing a report or decision, on proceeding for review, full effect will be given to special findings in preference to the general findings, upon the principle that a general finding, like a verdict, is controlled by a special finding of fact. (*Bennett* v. *Buchan*, 76 N. Y. 386; *Phelps* v. *Vischer*, 50 id. 69; *Schwinger* v. *Raymond*, 83 id. 192; 105 id. 648; *Tompkins* v. *Lee*, 59 id. 662; *Bennett* v. *Bates*, 94 id. 354; *Health Dept.* v. *Purden*, 99 id. 237; *Bonnell* v. *Griswold*, 89 id. 122; *Ferguson* v. *Hubbell*, 97 id. 507; *Teal* v. *Barton*, 40 Barb. 127; *McGregor* v. *Brown*, 10 N. Y. 114; *Wakeman* v. *W. & W. M. Co.*, 101 id. 217; *Schwander* v. *Birge*, 46 Hun, 66; *People* v. *Augsbury*, 97 N. Y. 501; *Carpenter* v. *Blake*, 2 Lans. 206; *Seymour* v. *Fellows*, 77 N. Y. 180.) The transaction as found by the referee was a sale, and plaintiff is entitled to recover. (*Smith* v. *Clark*, 21 Wend. 83; *Norton* v. *Woodruff*, 2 N. Y. 183; *Andrews* v. *Richmond*, 34 Hun, 20; *Buffern* v. *Merry*, 3 Mason, 478; *Hurd* v. *West*, 7 Cow. 752; *Cooke* v. *Millard*, 65 N. Y. 352; *Burrows* v. *Whittaker*, 71 id. 291; Code Civ. Pro. § 1207; *Goodwin* v. *Griffis*, 88 N. Y. 629; *Austin* v. *Rawdon*, 44 id. 63; *McDonough* v. *Dillingham*, 43 Hun, 493; *Allen* v. *Allen*, 52 id. 398; *Segelken* v. *Meyer*, 94 N. Y. 473, 484; *Greentree* v. *Rosenstock*, 61 id. 583; *Vilmer* v.

Statement of case.

*Schall*, Id. 568; *Conaughty* v. *Nichols*, 42 id. 83; *Bychia* v. *Wood*, 24 id. 607; *Sparman* v. *Krim*, 83 id. 245; *Ross* v. *Terry*, 63 id. 613; *Graves* v. *Waite*, 59 id. 156; *Waller* v. *Raskin*, 12 How. Pr. 28; *Bell* v. *Merrifield*, 109 N. Y. 202; *E. R. N.* v. *Adams*, 21 N. Y. S. R. 880; *Wright* v. *Wright,* 54 N. Y. 437; *Mills* v. *Bliss*, 55 id. 139; *Harmony* v. *Bingham*, 12 id. 99; *Tompkins* v. *Dudley*, 25 id. 275; *Wheeler* v. *Ins. Co.*, 82 id. 543; *Little* v. *Banks*, 85 id. 258; *Ward* v. *H. R. R. R. Co.*, 34 N. Y. S. R. 936; *Collins* v. *Bennett,* 46 N. Y. 490.)

*W. A. Poucher* and *C. C. Brown* for respondent. Neither the defendants, Miller nor his servants have been guilty of contributory negligence. (*Spence* v. *Clipper*, 39 Hun, 193.) The appellate court cannot review the judgment upon the question of fact because against the weight of evidence, in the absence of a statement in the case, not a statement of the referee's opinion in his certificate of settlement annexed to the case, that it contains all the evidence. (*Spence* v. *Clipper*, 39 Hun, 193; *Griffith* v. *Phelps*, 21 Wkly. Dig. 390; *Porter* v. *Smith*, 7 Civ. Pro. Rep. 195; *Perrim* v. *Hotchkiss*, 2 T. & C. 370; 59 N. Y. 649; *Howland* v. *Howland*, 20 Hun, 472; Balies on N. T. & App. 144.) The relation of bailor and bailee existed in this case, being a bailment for the benefit of both. (*Foster* v. *Pettibone*, 7 N. Y. 433; *Mallory* v. *Willis*, 4 id. 76–85; 34 Hun, 20; 25 id. 273.) The plaintiff, not having shown that the defendant was guilty of negligence, cannot recover. (1 Pars. on Cont. 570; 2 id. 88; *Claflin* v. *Meyer*, 75 N. Y. 260; *Hart* v. *H. R. B. Co.*, 80 id. 480; *R. M. Co.* v. *N. H. S. Co.*, 50 id. 121; 18 id. 534; 101 id. 661; *Hall* v. *Smith,* 78 id. 480; *Lamb* v. *C. & A. R. R. Co.*, 46 id. 271; *Curtis* v. *R. & S. R. R. Co.*, 18 id. 534; 119 id. 263.) The respondent on this appeal can invoke the aid of any fact found which will sustain the judgment appealed from. The respondent insists that the facts found precluded a recovery and establish payment and settlement. (*Place* v. *McIlvain*, 38 N. Y. 96; *Pomeroy* v. *Farmer*, 70 id. 547–550; *McMichael*

v. *Kilmer*, 76 id. 36 ; *Niblo* v. *Benssee*, 3 id. 375.) The title to the milk, butter and cheese remained at all times in the patrons, the plaintiff and his assignors, and was destroyed by an accident without the fault of the defendant, who was merely a bailee for hire. (*Ouderkirk* v. *C. N. Bank*, 119 N. Y. 263–267 ; *Dexter* v. *Norton*, 47 id. 62 ; *Harmony* v. *Brighton*, 12 id. 99.) Plaintiff's counsel asked the same witness called by himself if he told Mr. Rowe a few weeks before the fire that he considered the arch dangerous. The objection to this testimony upon the grounds stated was properly sustained. (*Coulton* v. *A. E. Co.*, 56 N. Y. 585 ; *Campbell* v. *Syracuse*, 20 Wkly. Dig. 449 ; 85 N. Y. 536.)

Bradley, J. The plaintiff and his assignors agreed to deliver their milk at the defendant's factory for that purpose, and he undertook, for a stipulated compensation, to there manufacture from it butter and cheese, sell such products and distribute between them the proceeds in the manner provided for by the agreement. The contract was one of bailment involving the performance of service by the defendant, and in the result the parties were mutually and benefically interested. (*Mallory* v. *Willis*, 4 N. Y. 76 ; *Foster* v. *Pettibone*, 7 id. 433.) The duty assumed by the defendant was to exercise ordinary care for the protection and preservation of the subject of the bailment with a view to the faithful performance of his contract, and he was chargeable with liability to his patrons for any loss to them occasioned by his failure to observe and discharge such duty.

It is urged that the referee erred in his conclusion that the plaintiff had failed to show that the damages were caused by the negligence of the defendant. This contention is not only on the alleged ground that it did appear that the latter was in fact chargeable with negligence as the cause of the loss, but that the burden was with the defendant to relieve himself from the imputation of want and care.

After a careful examination of the evidence we are satisfied that the question whether the loss was attributable to his neg-

ligence was one of fact to be determined by the referee upon evidence somewhat conflicting, and that his conclusion in that respect is not here the subject of review.

The action was founded upon the charge of negligence of the defendant, and the burden was with the plaintiff to establish it. (*Lamb* v. *Camden, etc., R. R. & T. Co.*, 46 N. Y. 271.)

As a general rule, when a bailee fails on demand to deliver to the bailor property to which the latter is entitled, the presumption of liability arises, and if the goods cannot be found it furnishes the imputation of negligence as the cause. (*Fairfax* v. *N. Y. C., etc., R. R. Co.*, 67 N. Y. 11.) But such *prima facie* case may be overcome when it is made to appear that the loss was occasioned by some misfortune or accident not within the control of the bailee ; then the onus continues upon the bailor to prove that it was chargeable to the want of care of the bailee. (*Claflin* v. *Meyer*, 75 N. Y. 260 ; *Mills* v. *Gilbreth*, 47 Me. 320 ; 74 Am. Dec. 487.) And although it may be that the proof given by him, explanatory of the reason for non-delivery, may disclose circumstances which, in their nature, permit or require the inference of negligence on his part (*Russell Mfg. Co.* v. *N. H. Steamboat Co.*, 50 N. Y. 121), the affirmative of the issue is not shifted to the defendant, but remains through the trial with the plaintiff. (*Heinemann* v. *Heard*, 62 N. Y. 448 ; *Blunt* v. *Barrett*, 124 id. 117.)

In the present case the plaintiff alleged in his complaint, and it appeared, that the loss resulted from the destruction of the factory by fire. From that fact alone no presumption arose to furnish a *prima facie* case against the defendant. But upon the main issue, whether it was attributable to the negligence of the defendant, the burden was with the plaintiff. (*Whitworth* v. *Erie Ry. Co.*, 87 N. Y. 413.) The referee found that the charge was not sustained by the evidence. For the purposes of this review that question of fact must be deemed disposed of in the court below.

It is also urged that the defendant, having undertaken to manufacture the butter and cheese from the milk furnished

him at the factory by the plaintiff and his assignors, market the product and pay to them the proceeds, is liable for breach of his contract irrespective of the question of negligence. This proposition, in view of the issue made by the pleadings, cannot now, for the predication of error, be treated as in the case, although to sustain a judgment issues may be deemed so broadened as to conform the pleadings to the facts proved when it can be done without violation of any rule of law. But upon the basis of an alleged breach of contract the plaintiff's action would not be supported upon the evidence and facts as found by the referee.

It is true that where an absolute executory contract is made, the contractor is not excused by inability to execute it caused by unforeseen accident or misfortune, but must perform or pay damages unless he has protected himself against such contingency by stipulation in the contract. (*Harmony* v. *Bingham*, 12 N. Y. 99; *Tompkins* v. *Dudley*, 25 id. 272; *Wheeler* v. *Conn. Mut. L. Ins. Co.*, 82 id. 543.) But there may be in the nature of a contract an implied condition by which he will be relieved from such unqualified obligation, and when, in such case, without his fault, performance is rendered impossible, it may be excused. That is so when it inherently appears by it to have been known to the parties to the contract, and contemplated by them when it was made, that its fulfillment would be dependent upon the continuance or existence at the time for performance, of certain things or conditions essential to its execution. Then in the event they cease, before default, to exist or continue, and thereby performance becomes impossible without his fault, the contractor is, by force of the implied condition to which his contract is subject, relieved from liability for the consequences of his failure to perform. (*People* v. *Bartlett*, 3 Hill, 570; *Dexter* v. *Norton*, 47 N. Y. 62; *Booth* v. *S. D. R. Mill Co.*, 60 id. 491; *Taylor* v. *Caldwell*, 3 B. & S. 826.)

By the contract now under consideration, the cheese and butter were to be manufactured at this factory and to be made from the milk furnished by the patrons, of whom the plaintiff

and his assignors were members. The existence of that particular factory was terminated by its destruction and the loss with it of the manufactured product and of the milk then remaining there unconverted into cheese and butter, rendered it impossible for the defendant to further proceed with the performance of his contract in respect to those articles of material and product. And as the nature of the agreement was such that it must be deemed to have been contemplated by the parties to it, that the articles to be manufactured should be made only from the materials furnished by the patrons and at the factory referred to, there was necessarily an implied condition so qualifying the defendant's undertaking, as to relieve him from performance rendered impossible without his fault, and from the consequences of his inability thus occasioned to fulfill his contract in respect to the subject of the bailment which was destroyed by the fire.

There was no error to the prejudice of the plaintiff in any of the rulings of the referee to which exceptions were taken in the reception or rejection of evidence.

These views lead to the conclusion that the judgment should be affirmed.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.