on that trial was inconsistent with what was sworn to by Rutherford, had been prevented by the defendant from appearing as a witness. The application for a new trial was denied. Daly, C. J., before whom the motion was made, in his opinion therein says, (at page 193:)

"The rule originally was that, if one of the plaintiffs was taken by surprise, his only remedy was to submit to a nonsuit," citing Harrison v. Harrison, 9 Price, 89. "'I have no doubt,' said Baron Wood, in the case cited, 'that the plaintiff was taken by surprise;' but, he adds, 'he should have requested to be nonsuited, that he might have come better prepared for another action; but he chose, notwithstanding, to go on, and take the chances of a verdict by letting the case go to the jury, in the hopes, perhaps, that they would disbelieve the defendant's witnesses. It would become a common course on all occasions of failures if this were to be tolerated, for a plaintiff, instead of choosing to be nonsuited, as he ought to have done in this case, for that is the only proper course, to try first what the jury will do for him, and, if he should fail, he will then apply to the court for a new trial. It is impossible to listen to such an application.'"

On appeal to the general term from the order denying the motion for a new trial the order was affirmed by all the judges sitting at general term concurring. Robinson, J., writing the opinion therein, adopts the rule as stated by Baron Wood, hereinbefore recited. The order appealed from must be affirmed, with costs to the respondent.

---

(4 Misc. Rep. 275.)

LABOWITZ v. FRANKFORT et al.

(City Court of New York, General Term. June 19, 1893.)

BAILMENT—LOSS OF GOODS—SERVICES OF BAILEE.
Where defendants delivered to plaintiff cloth owned by them, to be manufactured into garments, and after the work had been partially completed, and while the goods were still in plaintiff's possession, they were destroyed by fire, without plaintiff's fault, plaintiff is entitled to recover for the work done by him up to the time the goods were destroyed.

Appeal from trial term.

Action by Rudolph Labowitz against Elias Frankfort and Joseph Spero. From a judgment entered on a verdict in favor of plaintiff on the 26th day of January, 1893, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

The complaint is for work, labor, and services of the fair and reasonable vaule, and at the agreed price, of $133.67. The answer alleged the delivery by defendants of certain cloth and materials to be made up into garments, and, when completed, to be delivered by plaintiff at defendants' place of business; the work performed by plaintiff to be paid for when delivered; that plaintiff did not have such cloth made up into garments, and that he did not deliver same to defendants; "and, for a further defense and counterclaim, that plaintiff undertook said employment, and agreed to take good care of said cloth and materials, and to deliver same as aforesaid; that plaintiff failed to deliver same, to defendants' damage of $208.03, being $780.99, the value of said cloth, etc., less $572.96 received by defendants for insurance on said goods."

Argued before McGOWN and FITZSIMONS, JJ.

Sampter & Fleischman, for appellants.
Jacob Manheim, for respondents.

McGOWN, J.   The plaintiff, a tailor, seeks to recover for work, labor, and services performed by him in making up 453 pairs of pantaloons for the defendants; all the materials to be made up having been furnished by the defendants; the amount claimed by plaintiff for the work done by him upon that portion of the goods which was completed by him being the sum of $133.67.   The plaintiff was a contractor taking cloth and other materials from the defendants and other dealers in clothing to be made up into garments at his shop in Chrystie street, and employed a number of workmen, while the defendants were manufacturers and dealers in such garments.   There does not appear to be any contention as to the number of pairs of pantaloons received by plaintiff, or as to the price charged by him for his labor in manufacturing same. While defendants' goods were in plaintiff's possession, on the 29th day of March, 1892, a fire occurred in the building where plaintiff kept his shop, and plaintiff's work, or the portion of that claimed to have been completed by him, and for which he claims herein, and defendants' goods, both manufactured and unmanufactured, were nearly, if not entirely, destroyed.   The plaintiff testified that he had made up a portion of the pantaloons in question, and done all the work necessary to make them complete, and that the work done by him thereon was all complete and performed, prior to the occurrence of the fire, while this is denied by the defendant Spero. Plaintiff further testified that by the terms of his agreement with the defendants the defendants were to deliver the unmanufactured goods to his (plaintiff's) shop by their expressman, and that said goods, when completed, were to be sent for and taken away by defendants' expressman.   Defendant Spero testified that, by the terms of their agreement, plaintiff was to deliver the goods when completed by him, at defendants' place of business, to be examined by them, and, if not right, they were to be sent back to the plaintiff to be fixed, and that plaintiff was not to be paid until the work was approved by the defendants.   It also appeared that the defendants had their goods insured while in plaintiff's possession.   Plaintiff further testified that he had a conversation with the defendant Spero shortly after the fire, and said to him:

" 'Mr. Spero, I was by your place yesterday, and I was all right.  There was a fire in my place.  I was burned out.  I was not insured; nothing at all.' And Spero told me: 'Never mind.  I get paid from the insurance company, and I will pay you, and I will give you some other work to make it up, because I need those goods, and I sold those goods.' "

This conversation was not denied or contradicted by the defendant Spero on his examination.   The work done by the plaintiff was done on and with the materials furnished by the defendants, and such materials, although in plaintiff's possession, continued to be the property of the defendants, and subject to their demand and control.   Defendants claim that the plaintiff should lose his labor,

while the defendants, the owners, lose their property, and that the plaintiff cannot recover pro tanto for his labor up to the time of the destruction of the goods by fire.    Parsons, in his Law on Contracts, (volume 2, at page 131,) says:

"And from the authorities it might seem that the owner is also bound to pay pro tanto for the work and labor already expended upon it, where the contract does not provide otherwise. * * * We doubt, however, if the practice in this country be altogther so. It is certain that a distinct usage would control any such rule; and, without asserting that there is any such established usage, we think that generally, where an owner leaves a chattel with a workman who is to labor upon it, and the chattel is accidentally destroyed when this labor has been partially performed, each loses what each one had in the thing destroyed."

There is no evidence herein of any such usage.    It was simply a case of bailment for the mutual benefit of the plaintiff and defendants.    The plaintiff was only bound to exercise ordinary care of the materials, and the burden of proof was on the defendants to show want of ordinary care.    There was no evidence offered by the defendants to prove such want of ordinary care.    Want of care was not set up in defendants' answer, nor does the same appear to have been claimed upon the trial.    See Stewart v. Stone, 127 N. Y. 500, 28 N. E. Rep. 595.    The terms of the contract, the mode of delivery of the work, and as to whether the work of the plaintiff was completed at the time of the fire, were questions of fact, to be passed upon by the jury, upon the evidence.    The evidence offered on the part of the plaintiff and on the part of the defendants was contradictory, and was fully and fairly submitted to the jury by the trial justice in his charge, and no exceptions were taken thereto.    The jury passed upon those questions, and returned their verdict in favor of the plaintiff, upon all the issues submitted to them, for the amount claimed.    It was within their province to believe or disbelieve either the plaintiff or defendants, or any of the witnesses who testified upon the trial, and to give such weight to the testimony of each of the witnesses as they thought proper. There was sufficient evidence to justify the verdict rendered by them, and we see no reason why we should disturb it.    There being no merit in any of the exceptions taken by defendants' attorneys to the rulings of the trial justice, the judgment and order appealed from must be affirmed, with costs to the respondent.