(56 Misc. Rep. 643.)

### STERN v. ROSENTHAL et al.

(Supreme Court, Appellate Term. December 20, 1907.)

BAILMENT—GOODS DESTROYED—BAILEE'S RIGHT TO COMPENSATION.

Though generally, where, while work is doing on a thing belonging to an employer, the thing perishes by internal defect or inevitable accident without the workman's fault, he is entitled to compensation for the work actually done, where plaintiff worked on defendants' material under an agreement that defendants would pay therefor only after delivery in good order at their store, he may not recover for work done on material destroyed on his premises, though he is blameless for the loss.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bailment, § 77.]

Appeal from City Court of New York, Trial Term.

Action by Adolph Stern against Samuel Rosenthal and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Marks & Freyer, for appellants.
Nathan Waxman, for respondent.

McCALL, J.  The plaintiff (respondent) in this action was a contracting tailor, who had been receiving material from and doing work for the defendants (appellants) for a long time prior to the beginning of this action.  The contractual relations between the parties are expressed in documentary proof submitted and found in certain slips attached to the printed record.  A part of said contract, read and thoroughly understood by the plaintiff herein, in so far as the purport of the English employed is concerned, states as follows:  "We agree to pay for work only after delivery in good order to our store"—and all there is to this case will turn upon the question of whether or not, by thus specially contracting, there is a different obligation imported, and which differentiates this case on the facts presented from the well-settled rule which provides that if, while work is doing on a thing belonging to an employer, the thing perishes by internal defect or inevitable accident without any fault of the workman, the latter is entitled to compensation to the extent of labor actually performed, under the application of the old maxim:  "The thing is lost to the owner."

It must be borne in mind that the defendants sent all their goods involved in this litigation to the plaintiff's workshop.  It was the latter's place of business, over which defendants exercised no control or power whatsoever.  Plaintiff was not working on defendants' material in defendants' workshop when the fire ensued, but had the custody and absolute control of same in his own premises and in the place where the fire caused the destruction.  Of course, the only intention of emphasizing this fact is to mark the distinction in the case at bar from the cases submitted, wherein the plaintiff in most instances did the work on the material for which they recovered in the premises of the owner of the material.  Here the goods were taken away from the employers' premises, and before the plaintiff could recover any compensation for the services to be rendered he solemnly contracted that he would return same to the defendants' store in good order.  This he failed to do.  True it is demonstrated without fault of his, but because of a destructive fire, for which he is to be held blameless, which prevented his so doing; but in our judgment that does not avail him as an excuse, for under the terms of his express contract he imports an obligation that takes the case away from the ordinary rule, stated supra, and unforeseen contingencies, no matter of what nature, cannot be accepted as a reason for failure to comply or perform, yet warrant the receipt of his compensation.  Buffalo & Lancaster Land Co. v. Bellevue Land Improvement Co., 165 N. Y. 247, 59 N. E. 5, 51 L. R. A. 951, and Ward v. Hudson River Building Co., 125 N. Y. 230, 26 N. E. 256.

Schouler, in his work on Bailments (section 111, p. 118), seems to suggest the most favorable and certainly the just doctrine to apply in cases which the circumstances of this one reveals, when he says,

treating of the old maxim, "Res periit domino," and that is: Where a different obligation is imported by special contract, and a calamity ensues for which neither was to blame, preventing performance, then let the thing perish to the master and the services to the workman. The recovery had in this judgment, resting as it does upon the theory that, notwithstanding the obligation of the plaintiff's contract "to deliver in good order at the store of the plaintiffs" and his failure to comply therewith, prevented as it was by a fire for which he was not at fault, he was excused thereby and non constat entitled to compensation, cannot be sustained, and must be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.