## CRAMER v. KLEIN.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

1. BAILMENT—LIABILITIES OF BAILEE FOR HIRE.

In the absence of negligence, a bailee for hire is not liable for the loss of goods by fire while in his possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bailment, §§ 45–56.]

2. SAME—NEW TRIAL—VERDICT CONTRARY TO LAW.

Where the liability of defendant as bailee for hire depended on his negligence in the loss of the goods, a verdict for plaintiff, with a special finding that "defendant was not negligent," entitled defendant to a new trial on the ground that the verdict was contrary to law.

Appeal from Municipal Court.

Action by Esther Cramer against Leontine Klein, doing business under the firm name of the Eastern District Dye Works. From an order setting aside the verdict of a jury, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Benjamin Frindel, for appellant.
Samuel Schlesinger, for respondent.

WOODWARD, J. The plaintiff delivered an ermine scarf to the defendant to be cleaned, taking a receipt therefor. When the plaintiff called for her scarf, the defendant was unable to deliver the same, owing to the fact that it had been consumed in a fire. The plaintiff brought her action to recover the value of the scarf, and, upon the trial, proved the delivery of the scarf and the failure of the defendant to return the same on demand. The defendant then took the stand, and, over the objection and exception of the plaintiff, testified to the fact that a fire in her factory had destroyed its contents. The case was sent to the jury upon the theory that the defendant's liability rested upon the question of negligence in her position as a bailee for hire, and the jury found for the plaintiff in the sum demanded; one of the jurors stating that "we also find that the defendant was not negligent." On defendant moving to set aside the verdict and for a new trial the learned court below granted the motion, and appeal comes to this court.

We are of opinion that the motion was properly granted. The gravamen of the action is the negligence of the defendant, and the burden of proof is upon the plaintiff. While she made a prima facie

case in showing the delivery and the failure to return the scarf upon demand, the cause of action depended upon whether the defendant had failed to exercise the reasonable degree of care in preserving the scarf which the law imposes upon a bailee for hire, and it was competent for her to show that the loss occurred by reason of a fire upon her premises, to overcome the presumption of negligence by showing a loss through a cause for which she was not to blame. Stewart v. Stone, 127 N. Y. 500, 506, 28 N. E. 595, 14 L. R. A. 215, and authorities there cited. The fact that in this case it appears that the jury, while finding for the plaintiff, likewise found that the defendant was not guilty of negligence, shows that the decision was not in harmony with the law, and the verdict was very properly set aside.

The order appealed from should be affirmed, with costs. All concur.