### GOLDSTEIN et al. v. BLUMBERG et al.

(Supreme Court, Appellate Term. June 29, 1911.)

BAILMENT (§ 14*)—BAILMENT FOR MUTUAL BENEFIT—OBLIGATION OF BAILEE.

The relation between an owner intrusting personalty to the custody of another to have work done on them is that of bailor and bailee for mutual benefit, and the bailee need only exercise ordinary care for the protection of the goods.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 45–56; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Hyman Goldstein and another against Isaac Blumberg and another. From a judgment for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Myron S. Yochelson, for appellants.
I. Gainsburg, for respondents.

SEABURY, J.   This action was brought to recover for services rendered.   The only question litigated upon the trial related to a counterclaim pleaded by the defendant.   The claim of the defendant was based upon the fact that the plaintiffs did not return all of the goods intrusted to their care, and, further, because the goods that were returned were alleged to be in a damaged condition.

The plaintiff offered proof to show that the goods which he did not return had been stolen from his place of business.   The only issue submitted by the court to the jury was as to whether the plaintiff was negligent in caring for the goods.   The court charged the jury that it was the duty of the plaintiff to "give this property all the protection he should," and, in effect, that to permit the plaintiff to recover the jury must be satisfied that this "protection was proper, sufficient, and complete."   In so far as this charge defined the degree of care, which the plaintiff was required to exercise it was incorrect. The relation between the parties was that of bailor and bailee for mutual benefit, and the plaintiff was required only to exercise ordinary care of the property.   Stewart v. Stone, 127 N. Y. 500, 506, 28 N. E. 595, 14 L. R. A. 215; Cramer v. Klein, 127 App. Div. 146, 111 N. Y. Supp. 469; Parlato v. Thomas (Sup.) 123 N. Y. Supp. 373.

We think the charge of the learned court must necessarily have conveyed an erroneous idea as to the duty which the plaintiffs were under as the custodian of the property committed to their care.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.   All concur.