GARTE v. SOUVENIR POST CARD CO.

(Supreme Court, Appellate Term. June 21, 1912.)

1. CONTRACTS (§ 307*)—LITHOGRAPHING CONTRACT—CONSTRUCTION.

Under a contract to lithograph post cards, which provided that plaintiff should be responsible for the lithograph stones until delivered on defendant's order, providing for the billing of stones ordered out, and providing terms of payment of "Cash, less 2½ per cent. within 60 days from the date of the invoice," the lithograph stones did not become plaintiff's property, and defendant is entitled to them under the terms of credit without payment therefor on demand.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 307.*]

2. BAILMENT (§ 18*)—POSSESSION—NECESSITY OF TENDER.

Where the right of one party to demand possession of chattels is concurrent with the right of the other party to demand payment, he has no right to such possession without a tender of such payment.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 77–79, 81–84; Dec. Dig. § 18.*]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Carl Garte against the Souvenir Post Card Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Smith & Bowman, of New York City (Harold H. Bowman, of New York City, of counsel), for appellant.
Rudolph Marks, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff brought suit for the agreed price of postal cards delivered to the defendant. The defendant admitted the cause of action alleged in the complaint, but counterclaimed for damages alleged to have been suffered by the failure of plaintiff to deliver certain lithographic stones in accordance with a certain contract annexed to the answer. At the trial the defendant showed the making of the contract on the 27th day of March, 1907, and a demand in writing for the stones on the 27th day of March, 1908. The trial justice, upon this proof, dismissed the counterclaim on the merits, holding that, under the contract, the defendant was not entitled to receive these stones upon demand. The interpretation of the contract, therefore, must be decisive of the questions arising on this appeal.

The contract is in the form of a letter written by the defendant to the plaintiff, and approved in writing by the plaintiff. It purports to be an agreement to order not less than 5,000,000 postal cards within one year from the plaintiff at agreed prices. It provides that:

"These prices are f. o. b. cars at Leipsig, and do not include any charge for the lithographic stones. These are to be charged for at the market rate, should they leave your possession; otherwise, prices include all expenses. It is understood that all photographs which we furnish you with and all engravings made therefrom are to be our property, and kept by you for our exclusive use. All photographs are to be returned to us as soon as you are through with them and with the first shipment of cards made therefrom. * * * You are to be responsible for the safe and proper care and custody of all engravings and stones left with you. * * * *Your responsibility for said stones and engravings is to continue as long as they remain in your care, and you are only to be relieved therefrom upon their permanent removal from you, which can only be on our written order from the home office.* You are at once to make out a complete list of our subjects, showing on which stones they are to be found. * * * We are to go over this list, and indicate which subjects are to remain in your care, and which are to go elsewhere on their delivery, *and you are to bill us such stones as go elsewhere on their delivery, at the market price. The stones used on the remainder are not to be billed to us until we have them removed.* Of this list from 600 to 800 stones are to be left in your care during the year; also nine-tenths of those made during the year."

We are all agreed that, under the terms of this contract, the stones upon which the engravings were to be placed were not intended to be the absolute property of the plaintiff. The contract clearly provided that the plaintiff was to retain them only if the defendant did not remove them, and that the plaintiff's sole right, if the defendant demanded their removal at the expiration of the contract, was to be paid their market value. The clauses of the contract quoted above are inconsistent with any absolute property right in the plaintiff.

[2] The counterclaim of the defendant fails, however, to allege any tender of the market value of the stones, or of any ability or willingness to pay for them, and the proof to sustain the allegations of the complaint is also perhaps deficient on this point. If, therefore, the right of the defendant to demand the stones and the right of the plaintiff to payment are mutual and concurrent, then the counterclaim was properly dismissed. Pope v. Terre Haute Mfg. Co., 107 N. Y. 65, 13 N. E. 592. It seems to me, however, that these rights were not concurrent under the terms of the contract. The contract provides that terms shall be:

"Cash, less 2½ per cent. within 60 days from the date of the invoice."

This provision was intended to refer primarily to the payment for the post cards; but it is not limited to these payments, and apparently applies to all payments to be made under the contract. The contract also provides that the stones are to be "charged" for at the current market rate, and "are not to be billed to us until we have them removed," and the intent of the contract seems clear that the removal of the stones was to give rise to a charge to be paid at the expiration of the period of credit. Moreover, if the contract is ambiguous on this point, the practical construction placed upon it by the parties should govern, and upon this point we have the undisputed testimony that, when stones had previously been removed, the plaintiff merely sent defendant a bill.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.

BIJUR, J. I dissent. I construe the contract, in so far as it relates to the stones, to mean that delivery thereof and payment therefor were to be concurrent. The provision for credit, to my mind, manifestly refers only to the post cards. "Cash, less 2½ per cent. within 60 days from the date of the invoice," evidently means less 2½ per cent. on the four respective prices fixed in the contracts for different classes of cards, and the 60 days are intended to refer to continuous periodic shipments of such cards. The use of the word "invoice" is also significant, in contradistinction to the word "billed" employed in connection with the stones. There is an added term: "After 10 weeks no discount is to be allowed." This surely cannot refer to the exceptional and unusual instances in which defendants might direct that the stones be shipped to other persons or to themselves—a contingency which involves the discontinuance of part or the whole of the business covered by the contract. The further provision, "All claims for errors and bad or spoiled work are to be made within 10 days after the receipt of the goods," indicates to my mind conclusively that these terms of credit refer solely to the post cards.

There remains, therefore, only the language of the contract in so far as it refers directly to the stones. The first paragraph reads:

"These prices [referring to the enumerated prices for post cards] are f. o. b. cars at Leipsig, and do not include any charge for the lithograph stones; these to be charged for at the current market rate."

In its context, it is evident that the word "charge" is intended merely to mean price, and not to import any term of credit; nor do I put any different construction on the phrases in the other sentence relating to the stones. "You are to bill up to us such stones, etc."; and "the stones used on the remainder are to be billed to us until we have them removed." This, it seems to me, in its context, means only that the defendants are not to be required to pay for the stones until they call for their delivery. If the word "bill" could be intended to import the idea of credit, it is exceedingly significant that no term, namely, length of credit, is anywhere referred to in this connection.

Finally, I do not think that the fact that in one instance the plaintiff, at defendant's request, shipped some stones (presumably to another manufacturer) and did not demand payment on delivery, can be regarded from any standpoint as a construction of terms of the contract, which, to my mind, are not ambiguous. I do not think that the conduct of the parties, in a single instance, is sufficient, standing by itself, to give to their acts significance as the construction of contract; nor do I think that the mere fact that the plaintiff in one case, and under circumstances of which we have no knowledge, did not choose to enforce payment concurrent with delivery, sheds any light on what either of the parties understood the contract to mean as a whole.