JACOB GRABER and ISRAEL STERNBERG, Doing Business as PERFECT DRESS COMPANY, Plaintiffs, *v.* MORRIS RUBIN and LEO RUBIN, Doing Business as CASINO DRESS COMPANY, Defendants.

(Municipal Court of City of New York, Borough of Manhattan, Eighth District, January, 1920.)

Bailment — what constitutes — contracts.

> According to contract the price of material received by plaintiffs from the defendants to be made up into a certain number of dresses was charged to plaintiffs, who after the dresses were made were to charge a stipulated price for each one, which included the recharging of the cost of the material plus the cost of labor and the cost of whatever material was furnished by plaintiffs in the making of the dresses. Plaintiffs with the knowledge and consent of the defendants sent the jackets or waists of the dresses to an embroiderer, an independent contractor; the inner parts of the dresses were made up by plaintiffs who were to combine such parts with the embroidered waists and send the complete dresses to defendants. While all of the waists were in the custody of the embroider they were destroyed by fire without any fault or negligence on the part of the plaintiffs or of the embroiderer. *Held*, that the transaction between plaintiffs and defendants constituted a bailment, the plaintiffs being the bailees of the material for the purpose of manufacture.

> Plaintiffs were entitled to recover the cost of the material of the dresses, with which they were charged, and also the cost of the labor performed on the inner parts of the dresses and the materials furnished.

ACTION upon a contract.

Reuben Dorfman, for plaintiffs.

Samuel I. Goldberg, for defendants.

NOONAN, J.  The plaintiffs are what are known as contractors and received material from the defendants who are jobbers, to be made up into eighteen dresses.

According to the contract between the parties the price of the material was charged to the plaintiffs who after the material was manufactured into dresses were to charge a stipulated price for each manufactured dress which included the recharging of the cost of the material plus the cost of labor and the cost of whatever material was furnished by the plaintiffs in the making of the dress. The plaintiffs with the knowledge and consent of the defendants sent the jackets or waists of these eighteen dresses to an embroiderer for the purpose of being embroidered. This embroiderer was an independent contractor. The inner parts of the dresses were made up by the plaintiffs who were to combine such parts with the embroidered waists and send the complete dresses to the defendants. While the jackets or waists of these eighteen dresses were in the custody of the embroiderer they were destroyed by a fire, without any fault or negligence on the part of the plaintiffs or the embroiderer. The plaintiffs are seeking to recover the cost of the material of the eighteen dresses with which they were charged and in addition the cost of the labor performed on the inner parts of the dresses and the material furnished, no charge being made for the labor performed by the plaintiffs and the embroiderer on the destroyed jackets or waists.

The transaction between the parties constituted a bailment, the plaintiffs being the bailees of the material for the purpose of manufacture. That this was the relationship between the parties was admitted on the trial. It is also well established by the authorities. *Salant* v. *Pennsylvania Railroad Co.*, 188 App. Div. 851; *Sattler* v. *Hallock*, 160 N. Y. 291; *Mack* v. *Snell*, 140 id. 193; *Stewart* v. *Stone*, 127 id. 500; *Foster* v. *Pettibone*, 7 id. 433; *Mallory* v. *Willis*, 4 id. 76; *Pierce* v. *Schenck*, 3 Hill, 28; *Ginsberg* v. *Kugler*, 174 N. Y. Supp. 143.

In my opinion the plaintiffs at least are entitled to recover the cost of the materials with which they were charged. The destruction by fire of the jackets or waists was not shown to have been caused by any negligence of the plaintiffs or the embroiderer. Under such circumstances the plaintiffs cannot be held responsible. *Stewart* v. *Stone,* 127 N. Y. 500; *Cramer* v. *Klein,* 127 App. Div. 146; *Parlato* v. *Thomas,* 123 N. Y. Supp. 373; *Goldstein* v. *Blumberg,* 130 id. 163. The plaintiffs having been charged with the cost of the materials which has been estimated to be the sum of $120.59 have the right to charge that sum back and recover it from the defendants. I am also of the opinion that the plaintiffs are entitled to recover the cost of labor amounting to $36 performed on the inner parts of the dresses, the material of which was in their custody, and which were awaiting the embroidered jackets or waists to make up the completed dresses. These inner parts were not destroyed but were ready to be delivered to the defendants who refused to accept them because of the failure to deliver the finished dresses, which, of course, was rendered impossible by the destruction of the jackets or waists.

The plaintiffs' position is fortified by the evidence that they requested the defendants to furnish additional material to take the place of that destroyed, so that the waists might be made up, and that the defendants failed to furnish it.

The case of *Stern* v. *Rosenthal,* 56 Misc. Rep. 643, relied upon by the defendants is not analogous. In that case the contract between the parties provided that the plaintiff was not to be paid for the labor performed, until the completed garment was delivered, which was rendered impossible on account of destruction by fire. In the case at bar the contract did not call for the finished garment as a condition precedent

to payment for services performed. If that be so, the plaintiffs are entitled to recover for the work performed. *Weiss* v. *Rothblatt,* 161 N. Y. Supp. 69; *Kafka* v. *Levensohn,* 18 Misc. Rep. 202.

Furthermore, there is another point of difference in the case at bar which springs from the fact that the work for which the plaintiffs are asking compensation was performed on the inner parts of the dresses which were not destroyed by fire and which the plaintiffs stood ready to deliver or to make up the completed dresses on the delivery of the other material.

Other cases somewhat similar in principle are *Hayes* v. *Gross,* 9 App. Div. 12; affd., 162 N. Y. 610; *Whelan* v. *Ansonia Clock Co.,* 97 id. 293; *Niblo* v. *Binsse,* 3 Abb. Ct. App. Dec. 375.

My conclusion is that the plaintiffs are entitled to recover the amount in dispute of $197.10, which includes some other admitted items in addition to the cost of material of $120.59, plus $36 for labor on these eighteen dresses. Judgment accordingly for the plaintiffs.

Judgment for plaintiffs.