SAM KUTCHER and Another, etc., Respondents, *v.* ORIENTAL SILK PRINTING COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, October, 1920.)

Pleading — bailment — failure to state a cause of action — Lien Law, § 180.

> A complaint alleged that plaintiffs delivered to defendant certain pieces of silk to be printed and dyed under an agreement to pay a reasonable compensation for the service; that defendant failed to redeliver a certain number of the pieces and on plaintiffs' demand refused to pay the alleged market value thereof, or to return the goods. *Held,* that although upon the facts the defendant had a lien under section 180 of

the Lien Law for the work which it performed in enhancing the value of the property and was entitled to retain possession and refused delivery until after payment for the services rendered, payment for the printing and dyeing and the redelivery of the goods were mutual and concurrent conditions of the agreement, and neither party could sue until it had put the other in default by tender of performance. (P. 334.)

That in the absence of an allegation of payment or a tender thereof for the work performed, the complaint failed to state a cause of action. (Id.)

An allegation that defendant refused to return the goods was consistent with a rightful refusal, and the absence of any allegation of demand for the redelivery of the goods rendered the complaint fatally defective.

APPEAL by defendant from an order of the City Court of the city of New York, denying defendant's motion for judgment on the pleadings, and from an order of the said court granting plaintiffs' motion for judgment on the pleadings.

Gould & Wilkie (Charles G. Keutgen, of counsel), for appellant.

I. Gainsburg (Joseph P. Segal, on the brief), for respondents.

WAGNER, J. A demurrer challenging the sufficiency of the complaint was overruled below and the cross motions made for judgment upon the pleadings resulted in the granting of plaintiffs' motion and denial of that of the defendant, with leave to withdraw its demurrer and plead over. The amended complaint, based upon a transaction of bailment, sets forth that the plaintiffs delivered to the defendant certain pieces of silk owned by them to be printed and dyed by defendant under an agreement by which plaintiffs were to pay a reasonable compensation for the defendant's services; that defendant failed to redeliver forty-six pieces of said silk and refused to pay the alleged market value

thereof; that the plaintiffs demanded payment of the market value but the defendant refused to pay or return the said goods.

It is claimed by defendant that the pleading sets forth no cause of action and alleges facts tantamount to showing that the defendant rightfully withheld delivery of the silk. The deficiencies argued are that it fails to allege either payment to the defendant for its work of dyeing and printing, or tender of any amount therefor to defendant, or plaintiff's ability or willingness to pay, and further that the complaint is devoid of any allegation of demand and refusal to redeliver.

Under section 180 of the Lien Law, the facts pleaded disclose that the defendant had a lien for the work which he performed in enhancing the value of the property delivered to it, for its reasonable charges, and was entitled to retain possession and refuse the delivery of the same until after payment for the services rendered. Nor was it limited to the value of the services put upon the specific goods in possession but was entitled to hold such goods subject to payment of the entire balance due it for work performed in the course of the regular dealings, all the work having been done under a single and entire contract. *Conrow* v. *Little,* 115 N. Y. 387.

In order to nullify its undoubted right of lien, there of course must be some credit agreement alleged or a future time of payment provided beyond the completion of the contract so inconsistent with the existence of such lien as to destroy it. There appearing no time for the payment of such compensation in the complaint, the rule that payment was to be made upon the completion of the work obtains. *Gurski* v. *Doscher,* 112 App. Div. 345; affd., 190 N. Y. 536; *Stewart* v. *Newbury,* 220 id. 379.

Under the circumstances, therefore, the payment for the work of printing and dyeing and the redelivery of the merchandise were mutual and concurrent conditions by the terms of the agreement set forth in the complaint, and where contemporaneous performance of mutual obligations is required, neither party can sue until he has put the other in default by tender of performance. This court said in *Garte* v. *Souvenir Post Card Co.,* 136 N. Y. Supp. 181, 183: " The counterclaim of the defendant fails, however, to allege any tender of the market value of the stones or of any ability or willingness to pay for them and the proof to sustain the allegations of the complaint is also perhaps deficient on this point. If, therefore, the right of the defendant to demand the stones and the right of the plaintiff to payment are mutual and concurrent, then the counterclaim was properly dismissed."

The defendant lost no right to its lien upon refusing to deliver the silk before payment for its work had been made, for delivery in such case would have effected a waiver. The courts have gone further and held that even the assertion, unaccompanied by any other act, of a lien greater in amount than the lienor is entitled to, will not obviate the necessity of a tender except where the absolute refusal to deliver under any circumstances whatever is so pronounced and evident that tender would be but an idle act. We think the complaint in failing to allege payment or tender of payment for the work performed fails to state a cause of action.

With respect to the claim that the absence of any allegation of demand for the redelivery of the goods is a vital insufficiency, the plaintiffs contend *first* that the allegation of a refusal to return the goods is equivalent to an allegation of demand and refusal by reason of the implication of a prior demand. *Thomas*

v. *New York & Greenwood Lake R. R. Co.*, 139 N. Y. 163. The difficulty we find with this contention is that in the complaint there is no allegation that the defendant wrongfully or unlawfully refused to return. We find simply the allegation that the defendant refused to return the goods, a statement equally consistent with a rightful refusal.

*Secondly,* it is argued that the allegation that the defendant undertook to redeliver the goods is sufficient to charge it with liability through mere failure to return. *Stern* v. *Rosenthal,* 56 Misc. Rep. 643, cited as authority for this proposition, however, hinged upon the point that payment for the work done by the bailee was to be made only after the return of the goods to the bailor, and that accordingly the bailee had no lien and was entitled to compensation only after the return.

To sustain the complaint in this action we think would be equivalent to holding that in the class contemplated by section 180 of the Lien Law, bailors in every case would have the right not only to deliberately break their engagement to pay for the work rendered in their behalf, but by their own breach to make the bailee who has performed his contract of service in good faith, an unwilling purchaser of the article. This we will not do.

The orders appealed from are reversed, with ten dollars costs and disbursements, and judgment for the defendant upon the pleadings granted, with ten dollars costs, with leave to plaintiffs to serve an amended complaint within six days after service of a copy of the order entered hereon.

BIJUR and DELEHANTY, JJ., concur.

Orders reversed, with ten dollars costs.