Isabella Gill, Respondent, *v.* John McNamee, Sheriff of the County of Kings, and others, Appellants.

Evidence of the gross amount of the proceeds on a sheriff's sale of persona. property on execution, is competent, in an action for the conversion of the property, as tending to show its value.

In an action to recover the value of a store of goods, attached by the sheriff and sold on executions in favor of and by the direction of the other defendants, plaintiff claiming title by transfer from the defendant in the executions, and the defence being that such transfer was fraudulent as against creditors, evidence had been given tending to show, on the part of plaintiff that said goods brought less; and, on the part of defendants, that they brought more than their value, on the sheriff's sale. Defendants having rested, the defendant in the executions was recalled by plaintiff, but not examined on the question of value. On his cross-examination, defendants asked: "Q. Nine thousand seven hundred and ten dollars and sixteen cents was the whole amount of the sale by the sheriff." This was excluded, under general objection by plaintiff.

*Held,* error, and new trial granted.

. (Argued January 7th, 1870 ; decided March 17th, 1870.)

Appeal from a judgment of the General Term, second district, affirming a judgment for the plaintiff, rendered on a verdict in the city court of Brooklyn.

The action was brought to recover the value of a store of goods in Brooklyn, which the plaintiff claimed to own, and to which she derived title by transfer from one Andrew Gill. After the transfer to her, the defendant, McNamee, as sheriff, levied attachments in favor of the other defendants, and at their direction, issued against Andrew Gill, upon the goods, and they were subsequently sold by the sheriff. The defence set up was, that the sale from Andrew Gill to the plaintiff was made with the intent to delay, hinder, and defraud his creditors, and, as against the attachments in question, was void. The jury, under the instructions of the court in regard to the law, rendered a verdict for the plaintiff for $15,875, upon which judgment was entered. An appeal was then taken by the defendants to the General Term of the Supreme

Court, where the judgment of the city court was affirmed, no written opinion having been given, and the defendants appealed to this court. The opinion of the court fully states the evidence and the exceptions relied upon by the appellants.

*Samuel Hand*, for the appellants, cited *Campbell* v. *Wood-worth* (20 N. Y., 499); *Dixon* v. *Buck* (42 Barb., 70); *Fountain* v. *Pettee* (38 N. Y., 184); *Walsh* v. *Washington Ins. Co.* (32 N. Y., 440); *Fulton* v. *National Fund Co.* (20 N. Y., 34 and 35); *Day* v. *Roth* (18 N. Y., 448.)

*William F. Allen*, for the respondent.

FOSTER, J. The testimony was quite strong to prove that the sale to the plaintiff was made to defraud the creditors of Andrew Gill, but the jury having passed upon the question of fact, under instructions from the judge, which were not justly objectionable, and the General Term having affirmed their decision, we are not to reverse the judgment merely because we might differ with the jury in the conclusion to which they arrived.

The only question in the case which I consider as calling for a review, and, indeed, the only one on which the counsel for the appellants seemed to rely before us, arises upon a ruling of the judge at the trial, excluding evidence which was offered by them in regard to the value of the property.

The facts bearing on the question are, that the plaintiff had given testimony tending to establish that the goods were worth more than the amount found by the jury. After the plaintiff rested her case, the defendants proved, by several merchants who attended the sheriff's sale, that the goods brought more than they were worth. After the defendants rested, the plaintiff recalled Andrew Gill, who was examined in her behalf, and then the case shows as follows : " Re-cross. Q. Nine thousand seven hundred and ten dollars and sixteen cents was the whole amount of the sale by the sheriff. Objected to by plaintiff ; objection sustained ; exception taken by defendants."

It was not objected on the trial, nor is it claimed by the respondent now, that the question was objected to or ruled out, on the ground that it was leading; nor was it put on the ground that the case, as to the question of value, was closed, and that for that reason the evidence offered was rejected, though that objection is made to it now. But it is insisted mainly, now, that the proposition as quoted, was not a question propounded to the witness, but was merely an assertion of counsel, made while the trial was progressing. The case is imperfectly made up, or else the question was inartificially put; but still quite enough appears to render it pretty clear that a question was intended, and was so understood at the time. If the plaintiff's counsel considered it as a· mere assertion of counsel, why did he object to it? It would, as such, prove nothing, and could in no way affect the interests of his client ; and if the judge had so considered it, instead of ruling it out, he would have treated it as wholly immaterial, and as requiring no ruling from him. And I think, it being considered to be a question, we have no right, under such an objection and such a ruling, to assume that it was excluded because the testimony on that point had been closed. If such was the reason for excluding it, it should have been stated. It therefore only remains to be seen whether such testimony was competent upon the question of value of the goods. The authorities leave no doubt that such testimony, although not very strong to control the question of value, is competent, as one of the evidences of value, and proper to be considered by the jury in connection with all the other evidence bearing on that question. (*Campbell* v. *Woodworth*, 20 N. Y., 499 ; *Dixon* v. *Buck*, 42 Barbour, at page 74.)

For the exclusion of the evidence offered, the judgment of the General Term, and of the City Court of Brooklyn, should be reversed and a new trial granted, with costs to abide the event.

All concurred for reversal except LOTT, J., who did not sit.

Judgment reversed and new trial ordered, costs to abide the event.