PER CURIAM.
This actionis in replevin to recover a piano- and damages for its detention. The plaintiff and his co-partners-consigned the piano to one John McOramm, for side on their account, the piano to remain their property until sold by McOramm. The property was seized on an éxecution against McOramm and sold to the defendant. We think it plain that the defendant acquired no title-to the piano by the execution sale against Mc-Cramm. The ruling of the trial court in this respect was correct. But the value of the property was to be assessed by the jury. The. plaintiff’s testimony in that respect was not conclusive. The-constable who made the sale, which, of course, was at public auction, testified to the price realized at the sale. Subsequently, on the motion of the plaintiff, this evidence was stricken out. We think this was a fatal error. It is settled by authority that the *99 price which property realizes at a public sale is evidence of its value. Campbell v. Woodworth, 20 N. Y. 499; Gill v. McNamee, 42 N. Y. 44. For the error in excluding this evidence, and also an refusing to submit the question of value to the jury, the judgment appealed from must be reversed, and a new trial ordered, costs to abide event,