(31 Misc. Rep. 261.)

### HARLAM v. GREEN.

(Supreme Court, Appellate Term. April 16, 1900.)

1. APPEAL—ORDER DENYING NEW TRIAL.
   An order of the city court of New York denying a new trial, affirmed by the general term thereof, is not appealable to the supreme court.
2. SUFFICIENCY OF EVIDENCE—ADMISSION.
   Failure of defendant to move for dismissal of the complaint or for direction of a verdict is an admission that there is sufficient evidence to go to the jury.
3. VALUE—EVIDENCE.
   Cost of property is admissible on the question of value.
4. DECLARATIONS.
   Declarations of an assignor, made out of court, after the transfer, are not admissible against the assignee.
5. IMPEACHING WITNESS.
   Evidence not otherwise competent is not admissible solely to impeach one's own witness.

Appeal from city court of New York, general term.

Action by Edward M. Harlam against Richard G. Green. From a judgment of the general term of the city court (62 N. Y. Supp. 1029), affirming a judgment entered in said court on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Leopold Leo, for appellant.
Joseph Rosenzweig, for respondent.

PER CURIAM. The jury in this case found a verdict in favor of the plaintiff. An appeal from the judgment entered thereon, as well as from an order denying a motion for a new trial, was taken to the general term of the city court, where both the judgment and order were affirmed. The matter is now before us upon an appeal therefrom. The appellant seeks to review both the order denying the motion for a new trial and the judgment. So far as the order is concerned, it is not appealable to this court, and we therefore have no right to review the facts. In reviewing the judgment we are confined solely to a consideration of such exceptions as may have been taken by the appellant to rulings made by the justice at the trial. The contention is advanced that there was not sufficient evidence in the case to go to the jury with respect to the possession and detention of the property by the defendant. The counsel for the defendant, however, upon the close of the case, neither moved for a dismissal of the complaint nor for the direction of a verdict in his favor. Under well-settled principles, this was tantamount to an admission that there was sufficient evidence upon that point to go to the jury. But, apart from this, we are satisfied that there was evidence in the case upon this point which, if believed by the jury, was sufficient to sustain their verdict. Counsel for the defendant asked the court to charge that there was no proof that the defendant was in possession of the property concerning which suit was brought at any time except when he was doing work upon the same for one Hamilton. This the court declined to charge, and the defendant excepted to such ruling. The ruling of the court was proper, and the exception was not well taken. The request was tantamount to asking the court to direct a verdict in favor of the defendant, and, as has been stated, there was evidence in the case which called for the submission to the jury of the question referred to in the request. This is the only exception which was taken with respect to the charge.

The counsel for the defendant has presented for our consideration a number of rulings made by the trial justice with respect to the admissibility of evidence, most of which were not excepted to. We cannot, therefore, consider them.

The objection which was made to the evidence of cost of the property as bearing upon the question of value was not well taken. It seems to be well settled that cost is some evidence of value.

The court did not err in excluding the letter of Cammann to Hamilton, dated October 27, 1897, being defendant's Exhibit 1, for identification. The property had been sold by Cammann to the plaintiff, as the bill of sale shows, on May 1, 1897,—about six months before the letter in question was written. Declarations made by the assignor out of court, after the transfer of the property, are not, ordinarily, evidence against the assignee. If, as it is claimed, the letter was sought to be introduced in evidence for the purpose of impeaching the credibility of Mr. Cammann, who was examined as a witness upon the trial, the answer seems to be that, as Mr. Cammann was called and examined by the defendant upon the issues in the case, he could not impeach his credibility. We are aware of

the line of decisions which hold that a party is not bound by the statements of a witness whom he has called, but may show the facts to be otherwise than as sworn to by him, even when the necessary effect would be to impeach him. Becker v. Koch, 104 N. Y. 394, 401, 10 N. E. 701. This, however, must be done by competent proof, which, in and of itself, is material to the issues; and while, as has been said, the necessary effect of such evidence may be to impeach the witness, this is a very different thing from saying that evidence not otherwise competent may be introduced solely for the purpose of accomplishing such impeachment. After a careful consideration of the record we have come to the conclusion that the judgment should not be disturbed.

Judgment affirmed, with costs.