# New York Supplement

## VOLUME 87

AND

# New York State Reporter,

## VOLUME 121.

---

### SNELL v. CORNWELL.

(Supreme Court, Appellate Division, Fourth Department.   March 22, 1904.)

1. BAILMENT—LIABILITY OF BAILEE.
    A bailee for hire of a horse is primarily chargeable with the duty of returning it at the stipulated time, and, not having done so—it having died from an injury received while he had it—he has the burden of showing that such death was not the result of his negligence.

Appeal from Jefferson County Court.
Action by George Snell against William Cornwell.   From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.
Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Lewis H. Ford, for appellant.
John O'Leary, for respondent.

SPRING, J.   This action was commenced in Justice's Court.   The plaintiff recovered a verdict which was substantially a victory for the defendant, and an appeal was taken to the County Court, and a new trial had.   The plaintiff was the owner of a horse, and hired it out to the defendant to work on the latter's farm for a period of two weeks at 50 cents a day.   The horse was not returned, and the plaintiff sued for its value and for the stipulated price.   The substantial allegations

¶ 1. See Bailment, vol. 6, Cent. Dig. § 125.
    87 N.Y.S.—1

of the complaint were admitted by the answer. Upon the trial in County Court the defendant's attorney sought to make the plaintiff elect whether his action was based on negligence, or on the contract of hiring. The County Judge quite insistently urged that the complaint should be amended by inserting a cause of action in negligence. The plaintiff's counsel, appreciating that he already stated a cause of action, was adverse to complying with the request of the court, and it is somewhat uncertain from the record whether the amendment was made. But there was no election required of the plaintiff. The suggested amendment was entirely unnecessary, and the case was properly tried on the part of the plaintiff in accordance with the complaint in the Justice's Court. The defendant was a bailee of the plaintiff for hire, and it was incumbent upon him to return the horse to the plaintiff at the expiration of the stipulated time of service. It appears that the horse died by reason of an injury received while the defendant was using it. If this injury was not the result of negligence or the want of reasonable care by the defendant, then it was incumbent upon the latter to establish this fact. Primarily he was charged with the duty of returning the horse, and he must show excuse for not doing so, and that burden was not upon the plaintiff. As has been stated, the case was tried by the plaintiff upon this theory. There was a fair question of fact decided adversely to the defendant. If either of the pleadings was defective, it was that of the defendant, in failing to allege that the horse was injured and died without his fault; but that question is immaterial, for the case was tried on the merits. The judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.