PLESSER v. APPEL.

(Supreme Court, Appellate Term. January 8, 1909.)

1. BAILMENT (§ 23*)—LIABILITY OF BAILEE.
    A bailee must, on the purpose of the bailment being satisfied, redeliver on demand the thing bailed, but can excuse a nondelivery by proof that the article has been lost or destroyed without negligence on his part.
    [Ed. Note.—For other cases, see Bailment, Cent. Dig. § 116; Dec. Dig. § 23.*]

2. NEW TRIAL (§ 70*)—GROUNDS—UNCERTAINTY OF EVIDENCE.
    In an action for loss of goods left with defendant to be cleaned by him, evidence *held* so uncertain as to require the granting of a new trial after verdict for defendant.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 142, 143; Dec. Dig. § 70.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Rose Plesser against Barnett Appel. From a judgment for defendant, plaintiff appeals. Reversed,. and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Silverman & Gold, for appellant.
Abraham H. Sarssohn, for respondent.

PER CURIAM. Defendant is a dyer·and cleaner of wearing apparel. The plaintiff left with defendant some four yards or more of

lace waist, which defendant agreed to clean for $1. A fire occurred in defendant's place, and the lace was burned. Plaintiff brought this suit to recover the value of the lace, and the court gave judgment for defendant. Plaintiff appeals.

The rule is that a bailee, no matter what the character of the bailment may be, when the purpose of such bailment has been fully satisfied and performed, is bound upon request to redeliver the thing bailed to its lawful owner; but such redelivery may be excused by proof that the article has been lost or destroyed without negligence or want of care on the part of the bailee, and the burden of showing such freedom from negligence is on the bailee. Ouderkirk v. Cen. Nat. Bank, 119 N. Y. 263, 23 N. E. 875.

The evidence in the case at bar as to the fire is as follows:

"Q. How did the fire happen? A. It happened by naphtha, it got burned, about several places. Q. Who caused the fire? A. The workingmen."

In whose employment these workingmen were is not definitely stated, nor whether their act occurred under such circumstances as would charge the defendant with negligence. The evidence upon this branch of the case is hazy and unsatisfactory. Upon the question of damage plaintiff's evidence is only to the effect that she bought the lace "a year ago," that it cost $40, and that it was damaged, but to what extent it was damaged she does not in any way indicate. Defendant states that the lace got burned in a fire that occurred "two years ago," apparently before the lace had ever been bought by plaintiff, according to the latter's evidence. She further states that she told plaintiff she would give her the value of the lace, and that it was not worth over $2 at the time plaintiff brought it to be cleaned. It seems to us that the entire evidence is so uncertain and incomplete that a new trial should be granted.

Judgment reversed, and new trial ordered without costs to either party of this appeal.