SEWELL, J.   Before a party can be permitted to examine his adversary before trial he must present an affidavit setting forth, among other things:

"That the testimony of such person is material and necessary for the party making such application." Code of Civil Procedure, § 872.

This provision of the Code is supplemented by rule 82 of the general rules of practice, which requires that the affidavit shall specify the facts and circumstances which show that the examination of the person is material and necessary.   It is clear that the affidavit upon which the order for examination in this case was made does not comply with these requirements.   No fact or circumstance to show that the deposition of the defendant is material and necessary is specified.   On the contrary, it is quite apparent that the testimony sought to be elicited would be neither material nor necessary to establish the cause of action alleged in the complaint.

Many of the technical rules which formerly restricted the right of a party to examine his adversary before trial have been relaxed; but the fundamental rule that the testimony sought must be essential to the moving party's case has not been abrogated.   Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244;   Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for examination granted, with $10 costs.   All concur.

---

(134 App. Div. 381.)

JELALIAN v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, First Department.   November 5, 1909.)

1. EVIDENCE (§ 113*)—LOSS OF FREIGHT—DAMAGES—COST.

Where, in an action against a carrier for loss of clothing, an oriental rug, etc., all of which had been somewhat used, no expert, who was acquainted with the value thereof and could testify thereto, had seen the property prior to its loss, evidence of the cost thereof was admissible as the best evidence of value plaintiff could produce, and the weight of the evidence was for the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 271–273; Dec. Dig. § 113.*]

2. DAMAGES (§ 12*)—LOSS OF GOODS—NOMINAL DAMAGES.

Where a carrier was responsible for the value of personal property lost in transportation, plaintiff was entitled to a verdict for nominal damages, though unable to prove the value of the property.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 31; Dec. Dig. § 12.*]

Patterson, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Sarkis Jelalian against the New York, New Haven & Hartford Railroad Company.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, LAUGHLIN, and SCOTT, JJ.

James E. Duross, for appellant.
William L. Barnett, for respondent.

INGRAHAM, J.   This action was brought to recover the value of certain personal property delivered by the plaintiff to the defendant to be shipped from Providence, R. I., to the city of New York. The complaint alleges that this merchandise was delivered to the defendant, and that the defendant has refused and neglected to deliver the same; the plaintiff claiming the value of the said articles to be $1,837. The answer denies the material allegations of the complaint.

Upon the trial the plaintiff testified to delivering this property to the defendant's agents at Providence and the failure of the defendant to deliver the merchandise in the city of New York; that the property not delivered consisted of a Persian rug, several suits of clothes, several blankets, and some dishes and household goods; that the plaintiff had the rug for about six years, it having come from Turkey in Asia; that this rug was sent to the plaintiff by his father, and he gave a description of it; that the rug was not worn, but was quite new and clean, and in the same condition as when the plaintiff first obtained it; that there were two suits of his wife's clothes, that had been purchased in Providence, that had been worn but once or twice, and were in as good a condition as when the plaintiff purchased them. The plaintiff was then asked when he paid for these suits of clothes, which was objected to by the defendant, the objection sustained, and plaintiff excepted. The plaintiff then testified that he bought the blankets in Rhode Island; that these blankets were in the same condition as when purchased. When asked what the blankets cost, the defendant objected, the objection was sustained, and plaintiff excepted. The plaintiff then called an importer of oriental rugs, who had been in business for upwards of nine years and was familiar with the price of oriental rugs in New York, who testified that the price of oriental rugs had increased during the last eight or nine years. The plaintiff then called as a witness his cousin, who testified that he came from Turkey eight years ago; that he knew the plaintiff's father in Turkey, and was present when plaintiff's father purchased the rug in Turkey, and saw the plaintiff's father pay for it; that since he had been in this country he had seen the rug in the plaintiff's parlor, and identified it as the rug that he had seen the plaintiff's father purchase. He was then asked what the plaintiff's father paid for the rug, which was objected to by the defendant, the objection sustained, and the plaintiff excepted. The court, having excluded all testimony offered by the plaintiff from which the jury could find the value of these articles, dismissed the complaint, and the only question presented on this appeal is whether this testimony was properly excluded.

We think this evidence was competent. While it is true that the cost of an article of personal property is not satisfactory evidence as to its value, if it has been in use, it seems to be the best evidence that was available to the plaintiff. No expert, who was acquainted with

the value of this property and could testify as to its value, had seen it, and in consequence of the defendant's failure to deliver the property to the plaintiff it had been lost. As a general proposition, the cost of articles of personal property, when purchased at a bona fide sale, is some evidence of value, subject, of course, to a proper deduction for the depreciation caused by the use thereof. It is quite clear that, where articles of the kind specified here have been lost or destroyed, the owner, seeking to recover their value from the person responsible for their loss, is necessarily restricted to evidence of this character, where it is impossible to obtain expert testimony as to its value. To exclude such testimony would necessarily prevent a wrongdoer from being held responsible. See Gill v. McNamee, 42 N. Y. 44; Matter of Johnston, 144 N. Y. 563, 39 N. E. 643; Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032; Hawyer v. Bell, 141 N. Y. 140, 36 N. E. 6.

The weight of this testimony, and whether, if admitted, it would furnish a sufficient basis for a finding as to the value of the property, was a question for the jury. The defendant was responsible for the value of these goods, and under any circumstances the plaintiff was entitled to a verdict for nominal damages. After all the evidence that was available was before the jury, it was for them to say whether they could find, from such evidence, the value of the goods in question.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except PATTERSON, P. J., who dissents.