### BRYANT v. AUCHMUTY.

(Supreme Court, Appellate Term. May 18, 1911.)

1. BAILMENT (§ 31*)—LIABILITY OF BAILEE—PRIMA FACIE CASE.
    Proof that a bailee failed to return the article bailed on demand, because the same could not be found, established a prima facie case for the bailor.

    [Ed. Note.—For other cases, see Bailment, Cent. Dig. § 131; Dec. Dig. § 31.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 44*) — LEASE — CONSTRUCTION — LIABILITY OF LANDLORD.

A stipulation in a lease that the landlord of an apartment house, with storerooms used in common by all tenants, shall not be responsible to any tenant for any loss of property from the leased premises, does not limit the liability of the landlord for loss of personalty received from the tenant's wife; she not being a party to the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 44.*]

3. LANDLORD AND TENANT (§ 44*) — LEASE — CONSTRUCTION — LIABILITY OF LANDLORD.

A stipulation, in a lease of an apartment in an apartment house having storerooms used in common by all the tenants, that the landlord shall not be responsible to any tenant for any loss of property from the leased premises, does not cover the loss of property while in the landlord's custody in a storeroom; and a landlord, accepting a tenant's trunk for safekeeping in a storeroom, is at least a bailee under a gratuitous bailment, and his failure to return the trunk on demand, because the same cannot be found, renders him prima facie liable.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 44.*]

4. BAILMENT (§ 31*)—ACTION FOR LOSS—EVIDENCE—ADMISSIBILITY.

In an action against a bailee for loss of goods, evidence of a conversation between the bailor and the bailee's agent, showing the agreement under which the property was received, is admissible.

[Ed. Note.—For other cases, see Bailment, Dec. Dig. § 31.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Mary S. M. Bryant against Ellen S. Auchmuty. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Ehrich & Wheeler (Manfried W. Ehrich, of counsel), for appellant. James H. Hickey, for respondent.

SEABURY, J. The defendant is the owner of an apartment house in which the plaintiff's husband hired an apartment. There were four storerooms in the house, which were used in common by all the tenants. In May, 1907, the plaintiff delivered a trunk to the agent of the defendant, and the trunk was placed in one of the storerooms. When the plaintiff asked for her trunk on September 27, 1910, it could not be found.

The lease contained the following clause:

"The landlord shall not be responsible to any tenant for any loss of property from said leased premises, nor damage done to furniture or effects belonging to any tenant, however occurring."

The plaintiff sued to recover the value of the trunk and its contents, and was nonsuited.

[1] Apart from the clause quoted above, the relation existing between the plaintiff and defendant as to the plaintiff's trunk was that of bailor and bailee. Proof by the plaintiff that she delivered the trunk to the defendant, and that the latter failed to return it upon demand, because the trunk could not be found, was sufficient to establish a prima facie case in favor of the plaintiff. Steward v. Stone, 127 N.

Y. 500, 28 N. E. 595, 14 L. R. A. 215; Ouderkirk v. C. N. Bank, 119 N. Y. 263, 23 N. E. 875.

[2] The clause above quoted was contained in a lease between the plaintiff's husband and the defendant, to which the plaintiff was not a party. So far as the facts of this case are concerned, we do not think that the clause is of any significance.

[3] Even if the clause had been contained in a lease to which the plaintiff was a party, we think that it does not cover such a case as the present. The trunk was not lost while upon the "leased premises," but while it was in the defendant's custody in the storeroom. When the defendant accepted the plaintiff's trunk, she became at least the bailee under a gratuitous bailment, and as such a prima facie case against her was established. Ouderkirk v. C. N. Bank, supra.

[4] We think that the court below erred in excluding proof of the conversation between the plaintiff and the defendant's agent, showing the agreement under which the trunk is alleged to have been received by the defendant.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.