Thomas J. O'Rourke, Respondent, v. Edward Bates, Appellant.

(County Court, Nassau County, September, 1911.)

Bailment: Care, custody or services for hire: Evidence and presumptions — Presumption from loss or injury in transportation.
Carriers—Who are common carriers and when carrier liable as such — Occasional carrying.

> A private carrier is one who acts in a particular case for hire or reward but does not undertake to transport goods for the general public and is not compelled to do so by law.
>
> Such a carrier is not an insurer of the goods entrusted to him but is obliged to use ordinary care in the discharge of° his duty.
>
> Proof of the delivery to a private carrier of goods for transportation in good condition and their loss or delivery in a damaged state raises a presumption that the loss or injury was caused by his negligence.
>
> Where proof of the cost of replacing an article lost in such a case is given and received without objection, it is not error for the court to accept it as establishing the value of the article, in the absence of other proof.

Appeal from a judgment in favor of the plaintiff, rendered in the justice's court of the town of Hempstead, county of Nassau.

August G. Klages, for plaintiff.

William Frank Fowler, for defendant.

Niemann, J. The plaintiff employed the defendant on the 15th day of December, 1910, to move, with his horse and sleigh, plaintiff's furniture from Lynbrook to Flushing, Long Island, at an agreed compensation of ten dollars. Among the goods was a brass bed which was delivered to the defendant in perfect condition. Upon the arrival of the goods at Flushing it was discovered that a part of said bed had been broken off and lost in transit. The defendant admitted that he had lost the missing part of the bed.

There are two kinds or classes of carriers, viz.: common carriers and private carriers. A common carrier is one who undertakes to transport goods for the general public and is compelled to do so by law (Allen v. Sackrider, 37 N. Y. 341; Jackson A. I. W. v. Hurlbut, 158 id. 34), while a private carrier acts in a particular case for hire or reward. Allen v. Sackrider, *supra;* Fish v. Clark, 49 N. Y. 122; Jackson A. I. W. v. Hurlbut, *supra.* A common carrier is regarded by law as an insurer (Fein v. Weir, 129 App. Div. 299; Heyman v. Stryker, 116 N. Y. Supp. 638; Gardiner v. N. Y. C. R. R. Co., 123 id. 865; Brewster v. N. Y. C. & H. R. R. R. Co., 129 id. 368) and can only be excused from making delivery of the goods entrusted to him for transportation by showing that the loss or damage was caused by an act of God or the public enemy. Fein v. Weir, *supra;* Heyman v. Brewster v. N. Y. C. & H. R. R. R. Co., *supra.*

It was not shown by the evidence in this case that the defendant was a common carrier; and, therefore, the question of his liability must be adjudicated under the rules of liability applicable to private carriers as distinguished from common carriers. The rule of liability in the case of a private carrier is not so stringent as that applicable to a common carrier. He is not an insurer of the goods entrusted to him; but he is required to use care in the discharge of his duty. Pike v. Nash, 1 Keyes, 335. His liability is like that of an ordinary bailee. A private carrier who is paid to carry or move goods is really a bailee for hire. Story, Bailm. (9th ed.), §§ 370, 421, 422; Schouler, Bailm. & Car. (3d ed.), §§ 330, 331. While a bailee for hire is not an insurer of the goods entrusted to him, he is obliged to use ordinary care in the discharge of his duty; and proof of the delivery to him of such goods in good condition and the loss of such goods or the return thereof in a damaged state raises a presumption that the loss or injury was occasioned by his negligence, unless he shows that such loss or damage occurred under conditions over which he had no control. Collins v. Bennett, 46 N. Y. 490; Schwerin v. McKie, 51 id. 180; Claflin v. Meyer, 75 id. 260; Snell v. Cornwell, 93 App. Div. 136; Selesky v. Vollmer, 107 id. 300; Nichols v. Balch, 8

Misc. Rep. 452; Waterman v. American Pin Co., 19 id. 638; Campbell v. Muller, id. 189; Lyons v. Thomas, 34 id. 175; Plesser v. Appel, 113 N. Y. Supp. 1034.

The burden of proving a bailee's negligence is always on the bailor; but, where the loss or damage is unexplained, the bailee is presumed to have been negligent and the bailor has made out a *prima facie* case. Burnell v. N. Y. C. R. R. Co. 45 N. Y. 185; Claflin v. Meyer, *supra;* Stewart v. Stone, 127 N. Y. 500; Mayer v. Coe, 31 Misc. Rep. 733.

Tested by the foregoing rules the record shows a *prima facie* case of negligence on the part of the defendant which was not rebutted by him; and he was, therefore, properly adjudged to be liable for the loss and damage suffered by the plaintiff.

The appellant raises a question as to the sufficiency of the proof as to the damage sustained by the plaintiff. The testimony shows that the plaintiff had, at the defendant's request, ascertained from the house of Wanamaker, where the bed in question had been purchased, what it would cost to replace the broken portion, and that he was informed by a representative of the Wanamaker store that it would cost twenty-two dollars and fifty cents to replace the missing part. There was no objection made to this evidence, nor was any motion made to strike it out. Ordinarily the cost of an article is some evidence of its value. Jelalian v. N. Y., N. H. & H. R. R. Co., 134 App. Div. 381; Gill v. McNamee, 42 N. Y. 44; Parmenter v. Fitzpartick, 135 id. 190; Hawver v. Bell, 141 id. 140; Matter of Johnson, 144 id. 563; Waterman v. American Pin Co:, *supra;* Harlam v. Green, 31 Misc. Rep. 261. So the price charged, *bona fide,* for replacing a portion of an article or repairing the same in the very store or place where it was purchased is some evidence of the reasonable value thereof. The weight and value of such testimony was a question for the justice. Jelalian v. N. Y., N. H., etc., Co., *supra.* Moreover, this mode of ascertaining the cost was adopted at the defendant's suggestion, or by his consent; and the evidence thereof was received without objection; and the reasonableness of the amount was not in any way questioned by the defendant upon the trial, and cannot

now be challenged upon appeal. Hawver v. Bell, *supra;* Harlam v. Green, *supra.*

It follows, therefore, that the judgment should be affirmed, with costs.

Judgment affirmed, with costs.