## BRYANT v. AUCHMUTY.

(Supreme Court, Appellate Term, First Department.    November 8, 1912.)

BAILMENT (§ 31*)—NEGLIGENCE OF BAILEE—PRIMA FACIE CASE.

Proof that a bailee failed to return the article bailed on demand established a prima facie case of negligence on his part.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. § 31.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Mary S. M. Bryant against Ellen S. Auchmuty. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Ehrich & Wheeler, of New York City (Manfred W. Ehrich, of New York City, of counsel), for appellant.

James H. Hickey, of New York City, for respondent.

SEABURY, J. Upon a former appeal in this case (129 N. Y. Supp. 471), the court held that the relation existing between the plaintiff and defendant as to the plaintiff's trunk was that of bailor and bailee. The failure of the defendant to deliver the trunk on demand was prima facie evidence of negligence. Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467. The duty of the defendant as bailee of the trunk was to return it on demand, or explain its loss in some satisfactory way. Hasbrouck v. N. Y. Central & H. R. R. Co., 202 N. Y. 363, 374, 95 N. E. 808, 35 L. R. A. (N. S.) 537.

It is true that the defendant offered proof to show that her agent had exercised some care in relation to the trunk, but this evidence failed to explain in any way what became of the trunk. The counsel for the plaintiff asked the court to charge that, in view of the fact that the trunk had not been returned on demand, the defendant was bound to explain the loss. This charge the learned court below refused to make, and the plaintiff's counsel excepted. We think the refusal so to charge was error. In Ouderkirk v. C. N. Bank, 119 N. Y. 263, 267, 23 N. E. 875, the court said:

"It necessarily follows, from the nature of the obligation and the refusal to return the property, that the burden of showing the circumstances of the loss rests upon the bailee, and, unless the evidence shows the exercise of due care by him, according to the nature of the bailment, he will be held responsible for the breach of his contract to return the property bailed."

A review of the record satisfies us that the defendant did not exercise due care, according to the nature of the bailment. In view of this condition of the evidence, it is apparent that, as the trunk was not returned on demand, the erroneous refusal of the court below to charge that the burden was upon the bailee to explain the loss of the trunk, was prejudicial to the plaintiff.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.