## INTERNATIONAL FILM TRADERS v. SHAPIRO.

(Supreme Court, Appellate Term, First Department.   December 4, 1914.)

BAILMENT (§ 31*)—BURDEN OF BAILEE.

    In an action for the value of moving picture films delivered to defendant and not redelivered, defendant cannot escape liability by the unsupported assertion that the films were destroyed by fire, where it was shown that they were in good condition when delivered; the burden being on him as bailee to show that the films had been destroyed without his negligence.

    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. § 31.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the International Film Traders against Aaron S. Shapiro. From a judgment dismissing plaintiff's first cause of action, and granting a reduced judgment on the second, plaintiff appeals.   Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Samuel F. Frank, of New York City, for appellant.

Philip D. Shapiro, of New York City, for respondent.

COHALAN, J.   This action was brought to recover the sum of $187.50 on two causes of action.   The first was for services rendered by the plaintiff to defendant in furnishing certain moving picture films, for which the sum of $37.50 was claimed.   The second cause of action was brought to recover the sum of $150 as damages for the loss of one of the films leased by the plaintiff to the defendant.   The defendant's agent took three films from the plaintiff's place of business, and returned only one reel, or part of the film, entitled "In the Grip of the Pasha."   When he returned it he merely stated that the other two films had been destroyed by fire.   Other than this statement, the defendant refused to explain or to account for the films, or to pay for the services received therefrom.   The court dismissed the first cause of action, and granted a judgment for $20 on the second cause of action.   Plaintiff appeals from that part of the judgment which refuses any allowance for the value of the film taken and not returned.

The contract is admitted by the defendant, but he alleges as an affirmative defense and a counterclaim that by reason of the defective condition of the films they were destroyed by fire.   No evidence, however, as to these allegations, was offered by him on the trial, so that in my opinion the plaintiff made out a prima facie case.   The evidence showed that the films, when delivered to the defendant, were in good condition, and the defendant did not even show that a fire had occurred, or that the film had been destroyed.   Hence, as a bailee, he failed to discharge the burden cast upon him by law to show that the film had been destroyed and without his negligence.   Plesser v. Appel

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(Sup.) 113 N. Y. Supp. 1034; Bryant v. Auchmuty (Sup.) 129 N. Y. Supp. 471. In the case of Plesser v. Appel, supra, the court said:

"The rule is that a bailee, no matter what the character of the bailment may be, when the purpose of such bailment has been fully satisfied and performed, is bound upon request to redeliver the thing bailed to its lawful owner; but such redelivery may be excused by proof that the article has been lost or destroyed without negligence or want of care on the part of the bailee. Ouderkirk v. Central National Bank, 119 N. Y. 263 [23 N. E. 875]."

Judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.