MRS. C. H. SLAUGHTER, Respondent, v. CHARLES F. LEVY and ST. LOUIS UNION TRUST COMPANY, Executors of the Estate of LEOPOLD H. LEVY, Appellants.

St. Louis Court of Appeals. Opinion Filed January 8, 1924.

BAILMENTS: Evidence: Insufficient to Establish Relation of Bailor and Bailee. Evidence that tenants, at the request of their landlord, acquiesced in giving up their usual storeroom in the basement of their apartment upon his furnishing them other locker rooms in an adjoining building and agreeing to move their things into the new lockers and back again; that when their goods were stored in the new lockers, tenants had locks placed thereon to which they alone had keys, and that the goods were at all times in their possession, *held* insufficient to establish a case of bailment, as there was neither a delivery of the goods to the landlord shown, nor proof of their possession in him, and consequently whatever action, if any, plaintiff might have against the landlord arising out of damage caused to her goods while in such lockers, did not arise out of the relation of bailor and bailee, and the trial court erred in failing to sustain the defendant's demurrer to the evidence offered at the close of the case.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Benjamin J. Klene*, Judge.

REVERSED.

*Greensfelder & Grand* and *H. F. Chenot*, for appellants.

(1) In the absence of a covenant the landlord is under no obligation to repair the demised premises and is not liable in damages to the tenant for injuries or damages resulting to her from failure to make repairs. Ward v. Fagin, 101 Mo. 669; Roberts v. Cotty, 100 Mo. App. 500; Finer v. Nichols, 158 Mo. App. 539. (2) The instruction must be within the purview both of the pleadings and the evidence. Parker v. Drake, 220 S. W. 1000; Degonia v. Railroad Co., 224 Mo. 564; Boles v. Dunham, 208 S. W. 480; Bergfeld v. Kansas City Railways Co., 227 S. W. 106, 285 Mo. 654. (3) We believe no authorities are essential for the determination of whether or not plaintiff's Instruction No. C. was proper. (4) Delivery is essential to bailment. Sherman v. Commercial Printing Co., 29 Mo. App. 31.

*Cobbs, Logan & Alexander*, for respondent.

(1) It is the duty of a bailee for hire to exercise ordinary care, being that care which a reasonably prudent person would exercise with regard to his own property. Levi v. M. K. & T. Ry. Co., 157 Mo. App. 536; Standard Milling Co. v. Transit Co., 122 Mo. 274; Gashweiler v. Railroad, 83 Mo. 112. (2) It is not necessary in proving negligence to establish actual knowledge of defective conditions on the part of defendant, but constructive knowledge based on such facts as would put him on inquiry is sufficient. (3) There was a completed delivery in this case. Bryant v. Auchmuty, 129 N. Y. Supp. 471.

BECKER, J.—Defendants below bring this appeal from a judgment rendered in favor of plaintiff for $750 in an action sounding in tort.

Plaintiff's husband was a tenant in an apartment house of Leopold H. Levy (now deceased). By agreement made before the execution of the lease Levy agreed to permit plaintiff's husband to make use of a large storage compartment in the basement of the apartment house and in accordance with said agreement, from 1912 until the fall of 1918 plaintiff's husband stored therein various goods and chattels belonging to himself and his wife. At that time, however, there was fear of a coal storage and Levy, desiring to use all the available space possible for the storage of coal in the basement of the apartment, requested plaintiff's husband to give up the storage room in question offering to give him two smaller rooms for storage purposes in the next adjoining building. Plaintiff's husband finally acquiesced in the request upon Levy agreeing to move the goods and chattels over to the new storage rooms and to move them back again when the need for the original storage room for storing coal should have passed. In conformity with the arrangement Levy had his janitors, under the direction of plaintiff's husband, move the goods to the new storage rooms. Among the goods were several trunks belongng to plaintiff in which she had stored various articles of personal apparel.

While in the storage compartment several of the trunks and contents belonging to plaintiff were ruined by water which leaked on them from one of the pipes which ran through the said locker room.

Plaintiff contended below that these facts established the relationship of bailor and bailee for a consideration between plaintiff and Levy and put upon Levy the duty of exercising reasonable care during the time the goods were stored, to prevent their damage. The case was submitted to the jury upon instructions predicated upon such contention and the defendants, appellants here, urge that the demurrer offered at the close of the entire case should have been sustained in that the plaintiff failed to make

out a case of bailment. In our view appellants' contention is well taken.

Mrs. Slaughter, plaintiff below, testified that Mr. Slaughter "acting for her, changed and moved her property and effects from the compartment to two smaller storage compartments;" and that she had a lock on the door of said compartment and that she and her husband had the only keys to that lock.

Charles H. Slaughter, husband of plaintiff, testified that he was requested by Mr. Levy to move from one storage compartment to the other storage space so that Mr. Levy could store coal in the space then being used for storage of Mrs. Slaughter's goods; that the actual moving was done by the janitor and his assistant, and that immediately after moving the trunks to the new locker he, the witness, locked the locker and kept the keys; that when the coal had been entirely moved from their original locker in January or February, 1919, he requested Mr. Levy as well as the man who was in charge of the building, and also the janitor, to move their goods back to the original storage compartment; that however the goods were not moved back and in the fall of 1919, when they went to examine the trunks and contents, they found that water had leaked upon them and had ruined certain articles to the value of something in excess of one thousand dollars.

For the defendant Charles F. Levy testified that he had transacted the business affairs of his father, Leopold H. Levy, for several years prior to the time of his death and that it was he who had requested Mr. Slaughter to give up his locker, in that he wanted the space for the storage of coal; that he told Mr. Slaughter that he would move the trunks and other things over into the locker space suggested by him and would move them back again.

In the early case of Sherman v. Commercial Printing Co., 29 Mo. App. 31, in discussing whether the evidence in the case was sufficient to take the question of bailment to the jury, it was ruled that "the most that the evidence under this head tends to show is, that the defendant

gratuitously granted to the plaintiff, through Mr. Briggs, room for the storage of his chest of tools on its premises. A person who merely gives storage room for the property of another whether gratuitously or for a reward without assuming, expressed or impliedly, any duty of care in respect of the property is not liable to the owner of the property if carried off or injured by a trespasser although such theft or injury might have been prevented by the slightest care on his part. He is no bailee because delivery is essential to bailment. [Schuler, Bailment, sec. 32; Fincucan v. Small, Esp. 315; Schmitt v. Blood, 9 Wend. 268.]''

"On the question of fact whether or not there is a sufficient delivery in any given case, the general rule is that, in order to constitute such a delivery, there must be a full transfer, either actual or constructive, of the property to the bailee, so as to exclude the possession of the owner and all other persons and give the bailee, for the time being, the sole custody and control thereof.'' [1 A. L. R. 395, and cases therein cited.]

In our view plaintiff clearly failed to carry the burden of proof as to delivery. Both plaintiff and her husband testified that at the request of their landlord, Leopold H. Levy, they acquiesced in giving up their usual storage room in the basement of the apartment, upon his furnishing them two other locker rooms in an adjoining building, and upon his agreeing to move their things into the new lockers and to move them back again; that when the goods were stored in the new lockers, plaintiff and her husband had locks placed thereon to which they alone had keys. In other words, the possession of the goods in question was at all times in plaintiff and her husband and consequently whatever action if any, plaintiff might have against the landlord arising out of the damage caused her goods does not arise out of the relation of bailor and bailee.

In this connection it may be well to advert to the fact that plaintiff's evidence did not tend to prove that Leopold H. Levy had agreed to ''remove and *store* certain

trunks and boxes, which were then the property of the plaintiff, into another storage compartment in said apartment building'' as alleged in plaintiff's petition, but at most tended to prove that said Levy had given them two lockers in another building for their use in which to store their trunks and boxes, and agreed to move the trunks and boxes to the new lockers and back again.

The evidence in the instant case, the material portions of which we have set out fully above, is clearly distinguishable on facts from the case of Bryant v. Auchmuty, 129 N. Y. Supp. 471, a case relied on by appellant. In the said Bryant case it is clear that plaintiff made out her proof that she delivered the trunk to the defendant and that the latter failed to return it upon demand, because the trunk could not be found, and the court properly held that the relation existing between plaintiff and defendant as to plaintiff's trunk, was that of bailor and bailee. Likewise this court in Robert v. Realto Building Co., 198 Mo. App. 121; 199 S. W. 428, on facts somewhat similar to those in the Bryant case, held the case was one of bailment. However in the case here on appeal, as we have abundantly shown by the evidence in the case, in fact neither a delivery of the trunks in question was shown to have been made by plaintiff to the said Levy, nor was there any proof of possession of the trunks in said Levy, and consequently plaintiff failed to make out a case for the jury.

Since the trial court erred in failing to sustain the defendant's demurrer offered at the close of the case, the judgment entered below will have to be reversed. In light of this situation it is not necessary that we discuss the question as to whether or not the admitted error in instruction ''C'' given at the request of plaintiff was prejudicial to the rights of the defendants.

For the error above noted the judgment is reversed. *Allen, P. J.,* and *Daues, J.,* concur.